**In re Rolf LARSEN, Former Justice
of the Supreme Court.**

No. 4 JD 94.

Court of Judicial Discipline
of Pennsylvania.

Dec. 31, 1999.
Order Imposing Sanctions Feb. 4, 2000.

Before SYLVESTER, Presiding Judge,
and MESSA, SWEENEY, Jr.,
PANELLA, BYER, LEADBETTER and
MILLER, JJ.

*OPINION OF THE COURT*

PANELLA, Judge.

### *Introduction*

The Judicial Conduct Board filed a Complaint with this Court on June 6, 1994 against former Supreme Court Justice Rolf Larsen. The Complaint consisted of 27 Counts divided into six separate parts. Part A requested disciplinary action based on Respondent's conviction of two counts of criminal conspiracy, 18 Pa.Cons.Stat. § 903 which are felonies (Counts 1–5); Part B alleged the underlying facts which supported the convictions, i.e., that Respondent conspired with others to unlawfully obtain a Schedule IV controlled substance (Counts 6–9); Part C contained charges that Respondent made knowingly false material statements before a Grand Jury (Counts 10–14); Part D requested disciplinary action based on allegations that the Respondent filed documents with the Pennsylvania Supreme Court containing averments which were knowingly false or made with reckless disregard for the truth (Counts 15–18); Part E charged the Respondent with failure to recuse in matters involving potential claims of bias and partiality because of his prior relationship, personal and professional, with an attorney (Counts 19–23); and Part F alleged that Respondent had ex-parte conversations regarding two petitions for allowance of appeal pending before the Supreme Court (Counts 24–27).[1]

On September 18, 1998, the Board filed a Motion to withdraw, with prejudice, the Charges contained in Parts B, C, D, E,

---

1. A detailed recitation of the procedural history of this case is contained in our Opinion of August 4, 1998 disposing of Respondent's

Omnibus Motion, *In re Larsen,* 717 A.2d 39, 40–42 (Pa.Ct.Jud.Disc.1998).

and F, which this Court granted on October 2, 1998.

On May 3, 1999, the Board filed a Motion to withdraw Count 5 of Part A of the Complaint, which this Court granted on May 20, 1999.[2]

This case then proceeded to trial solely on the Board's contentions in Counts 1 through 4 contained in the Complaint. The relevant portion of the Complaint states:

> In the case of *Commonwealth v. Rolf Larsen*, 93–13844, Court of Common Pleas of Allegheny County, Pennsylvania, Justice Larsen was convicted of Counts 1 and 2, each charging a criminal conspiracy (18 Pa.C.S. § 903) to violate the Controlled Substance, Drug, Device, and Cosmetic Act, 35 P.S. §§ 780–113(a)(12) and (a)(14); said violations being felonies.

A trial was held on June 30, 1999 at which time testimony was taken. Subsequently the Board and the Respondent furnished the Court with proposed findings of fact and conclusions of law.

The Board has charged (in Part A of the Complaint) that Respondent's conviction of a felony subjects him to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution because the conviction constitutes:

1. a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution (conviction of a felony, Count 1),

2. a violation of Article V, § 17(b) of the Pennsylvania Constitution (activity prohibited by law, Count 2),

3. a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution (conduct which brings the judicial office into disrepute, Count 3), and

4. a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution (conduct in violation of a canon or rule prescribed by the Supreme Court, to wit: Canons 1 and 2 of the Code of Judicial Conduct, Count 4).

### *Findings of Fact*

Regrettably, the Board and the Respondent were not able to reach stipulations as to a number of seemingly indisputable matters. Therefore, the evidence presented by the Board included, *inter alia*:

1. The testimony of the Honorable Terrance O'Brien, the trial judge in *Commonwealth v. Larsen*, Court of Common Pleas of Allegheny County, Criminal Docket No. 93–13844 (N.T. 87–89);

2. The docket entries and verdict slips in *Commonwealth v. Larsen*, Allegheny County Criminal Docket No. 93–13844 (Board Exhibits 7 and 8);

3. The Superior Court's decision in *Commonwealth v. Larsen*, 452 Pa.Super. 508, 682 A.2d 783 (1996) (Board Exhibit 3a);

4. The Supreme Court's Order of March 19, 1997, *Commonwealth v.. Larsen*, 547 Pa. 752, 692 A.2d 564 (1997) (Board Exhibit 3b);

5. Transcript of Respondent's resentencing on May 27, 1997 by the trial court (Board Exhibit 10); and

6. The docket entries from *Commonwealth v. Larsen*, Court of Common Pleas of Allegheny County, Criminal Docket No. 93–13844 (Board Exhibit 7).

This evidence conclusively established that the Respondent was found guilty in the Court of Common Pleas of Allegheny County of two counts of Criminal Conspiracy. Following sentencing, the Respondent filed a direct appeal. The Superior Court of Pennsylvania affirmed the conviction, however, it remanded solely for re-

---

**2.** Count 5 of Part A charged that Respondent's felony conviction constituted violations of certain Rules of Disciplinary Enforcement and Rules of Professional Conduct. The Count was withdrawn because of this Court's Opinion in *In re Cicchetti,* 697 A.2d 297 (Pa. Ct.Jud.Disc.1997) which was filed after the Board Complaint in this case.

sentencing. The Respondent's Petition for Allowance of Appeal to the Supreme Court of Pennsylvania was denied by way of an Order of March 19, 1997. The Respondent was resentenced by the trial court on May 27, 1997, to 24 months of probation on Count One, 240 hours of community service and the payment of costs. No appeal was taken from the judgment of sentence of May 27, 1997.

### Discussion

As aforesaid, the Respondent was found guilty in the Court of Common Pleas of Allegheny County, at Criminal Docket No. 93–13844, of two counts of Criminal Conspiracy, 18 Pa.Cons.Stat. § 903. All direct appeals have been exhausted. The basis of the Board's request for disciplinary action is now limited to the Respondent's criminal conviction, although the Board argues that four separate constitutional provisions were violated.

■ In light of Respondent's conviction, there is no question presented as to whether grounds for discipline exist. The Pennsylvania Constitution provides, in pertinent part: "A justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for *conviction of a felony* . . . ." Pa. Const.Art. V, § 18(d)(1) (Emphasis added). Thus, although other grounds for discipline may exist, a review of the other constitutional provisions is unnecessary because the criminal conviction provides a per se basis for discipline. Furthermore, since the Re-

spondent's conviction is now considered final, he cannot collaterally attack his conviction in these proceedings. *Cf. Office of Disciplinary Counsel v. Costigan,* 526 Pa. 16, 584 A.2d 296 (1990) (Criminal convictions provided per se basis for discipline of attorney).

Therefore, we find that the Board has established by clear and convincing evidence [3] that Respondent was convicted of a felony.

### Conclusions of Law

1. The Respondent was convicted of two counts of criminal conspiracy, 18 Pa. Cons.Stat. § 903, in the Court of Common Pleas of Allegheny County, Fifth Judicial District, Criminal Docket No. 93–13844.

2. This crime is classified as a felony.

■ 3. The aforesaid conviction subjects the Respondent to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.[4]

### ORDER

PER CURIAM.

AND NOW, this 31st day of December, 1999, based upon the Conclusions of Law, it is hereby ORDERED:

That, pursuant to C.J.D.R.P. No. 503, the attached Opinion with Findings of Fact and Conclusions of Law be and it is hereby filed, and shall be served on the

---

3. The Constitution requires that the Board has the burden of proving the charges by clear and convincing evidence. Pa. Const. Art. V, § 18(b)(5).

4. In an accompanying opinion Judge Byer notes his dissent from the conclusion that this Court has jurisdiction in this case (a conclusion with which he earlier concurred, *see, In re Larsen,* 717 A.2d 39 (Pa.Ct.Jud.Disc.1998), Byer, J., concurring), for the stated reason that Rule 201 of the Pennsylvania Rules of Disciplinary Enforcement confers jurisdiction on the Disciplinary Board over a former judicial officer's right to resume the practice of law where the discipline relates to "nonjudi-

cial acts while in office", and the fact that the conviction of this Respondent was based on nonjudicial acts. This contention was dismissed by the Supreme Court in *Office of Disciplinary Counsel v. Anonymous Attorneys,* 528 Pa. 83, 93, 595 A.2d 42, 47 (1991) where that Court said: "This constitutional scheme empowers only JIRB to bring action against judicial officers for *any* allegations of misconduct which arise during that officer's tenure in the judiciary," emphasis added. Furthermore, this subject received thorough treatment in this Court's earlier decision when we dismissed Respondent's Omnibus Motion, *see, In re Larsen, supra,* at 43–46.

Judicial Conduct Board and upon the Respondent,

That, either party may file written objections to the Court's Conclusions of Law within ten (10) days of this Order. Said objections shall include the basis therefor and shall be served on the opposing party,

That, in the event that such objections are filed, the Court shall determine whether to entertain oral argument upon the objections, and issue an Order setting a date for such oral argument, and

That, in the event objections are not filed, the Conclusions of Law shall become final, and this Court will issue an Order setting a date, pursuant to C.J.D.R.P. No. 504, for a hearing on the issue of sanctions.

BYER, J., files a dissenting opinion.

RUSSO, J., did not participate in the consideration or disposition of this case.

BYER, Judge, dissenting.

When we considered Respondent's omnibus pretrial motion, I expressed reservations concerning our jurisdiction to proceed with this case in view of Respondent's having been impeached by the House and convicted by the Senate, with the result that he is removed from judicial office and barred from holding judicial or any other public office in the future. *In re Larsen,* 717 A.2d 39, 48 (Pa.Ct.Jud.Disc.1998) (Byer, J., concurring in result). The Board's subsequent actions in limiting the charges against Respondent confirm that jurisdiction of this case is vested exclusively in the Disciplinary Board and the Supreme Court. Furthermore, I believe that there is no case or controversy, because Respondent has not attempted to reactivate his license to practice law. Therefore, I would not reach the merits and respectfully dissent.

## I.

Because the Senate already . has removed Respondent from judicial office and precluded him from holding such office in the future, the only possible sanction we can impose on Respondent is to affect his right to practice law. As discussed in both the majority opinion and my opinion concurring in the result when this case was before us on Respondent's omnibus pretrial motion, our Court arguably has jurisdiction to impose a sanction affecting a former judicial officer's right to practice law. However, I conclude that the Supreme Court has limited our jurisdiction to do so to cases where the discipline relates to judicial acts.

Rule 201 of the Pennsylvania Rules of Disciplinary Enforcement, promulgated by our Supreme Court, provides that the Supreme Court and the Disciplinary Board have exclusive jurisdiction over any former judicial officer who resumes the practice of law where the discipline is "with respect to nonjudicial acts while in office as a justice, judge or district justice." Here, the Board now has limited its charge against Respondent to his having been convicted of a criminal charge of conspiracy to obtain controlled substances unlawfully. Although that is a serious crime, the conviction and the underlying offense are nonjudicial acts. Therefore, to the extent there is an actual case or controversy here, I believe that we lack jurisdiction because the discipline relates to nonjudicial acts.

## II.

I also conclude that there is no case or controversy here. As I have noted above and in my prior opinion, the only possible sanction which can be imposed on Respondent is a sanction affecting his right to practice law now that he no longer is a judicial officer.

When a full time judicial officer leaves judicial service, he or she does not automatically activate his or her license to practice law. Instead, under Rule 219(m)

of the Pennsylvania Rules of Disciplinary Enforcement, a former judicial officer must file a notice with the Administrative Office of Pennsylvania Courts if he or she wishes to resume active status as a Pennsylvania lawyer. Respondent has not filed such a notice, and there is no evidence or allegation that he is engaging in the practice of law without having filed the required notice.

Thus, in my opinion, this case is purely hypothetical and the majority's opinion is an improper advisory opinion. If Respondent never attempts to resume active status as a Pennsylvania lawyer, our judgment is meaningless. As a court, our jurisdiction is limited to actual cases or controversies and does not extend to the realm of the hypothetical.

### III.

For the above reasons, I would not reach the merits, but would dismiss the complaint. If Respondent ever decides to place his license to practice law in active status, the Disciplinary Board and the Supreme Court would have exclusive jurisdiction to determine at that time if Respondent's nonjudicial conduct which is the subject of the Judicial Conduct Board's complaint here warrants a sanction which should affect his ability to resume the practice of law. Therefore, I respectfully dissent.

### ORDER

PER CURIAM.

AND NOW, this 4th day of February, 2000, the Findings of Fact and Conclusions of Law set forth in this Court's Opinion dated December 31, 1999, having become final pursuant to C.J.D.R.P. No. 503, and after the hearing held by the full Court on February 4, 2000 on the issue of sanctions, IT IS HEREBY ORDERED:

1. Respondent, Rolf Larsen, is removed from office and shall be ineligible to hold judicial office in the future.

2. Respondent is disbarred from the bar of this Commonwealth.

BYER, J., dissents for the jurisdictional reason expressed in his prior opinion filed December 31, 1999.

RUSSO and MILLER, JJ., did not participate in the consideration or disposition of this case.