**In re Jules MELOGRANE, Former District Justice In and For Magisterial District 05–2–17.**

**No. 1 JD 99.**

Court of Judicial Discipline of Pennsylvania.

May 17, 2000.

Order filed Sept. 29, 2000.

BEFORE: SYLVESTER, President Judge, SWEENEY, PANELLA, BYER, SPOSATO, LEADBETTER and MILLER, JJ.

SYLVESTER, Judge.

## I. INTRODUCTION

The Judicial Conduct Board ("Board") filed a Complaint with this Court on August 10, 1999 against Former District Justice Jules Melograne ("Respondent"). The Complaint consists of seven Counts, all based on Respondent's conviction of a felony.

The Board has charged that Respondent's conviction of a felony subjects him to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution because the conviction constitutes:

1. a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution (conviction of a felony, Count 1),

2. a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution (conviction of an infamous crime, Count 2),

---

3. a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution (conduct which brings the judicial office into disrepute, Count 3),

4. a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution (conduct prejudicial to the administration of justice, Count 4),

5. a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution (violation of Rule 1 of the Rules Governing Standards of Conduct of District Justices, Count 5),

6. a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution (violation of Rule 2 of the Rules Governing Standards of Conduct of District Justices, Count 6), and

7. a violation of Article V, § 17(b) of the Pennsylvania Constitution by virtue of violating Rules 1 and 2 of the Rules Governing Standards of Conduct of District Justices and § 241 of the Criminal Code of the United States (18 U.S.C. § 241).

The Board and Respondent have submitted stipulations of fact in lieu of trial under C.J.D.R.P. No. 502(D)(1) and a waiver of trial. The Court hereby accepts those stipulations of fact in pertinent part, recited below, as the facts necessary for the disposition of this case.

## II. FINDINGS OF FACT

1. The Judicial Conduct Board is empowered by Article V, § 18 of the Constitution of the Commonwealth of Pennsylvania to file formal charges alleging ethical misconduct on the part of judges, justices, or justices of the peace and to present the case in support of the formal charges before the Court of Judicial Discipline.

2. Former District Justice Jules Melograne commenced his service as district justice for Magisterial District 05–2–17 on or about January 5, 1970. The Respondent continuously served as the district justice for Magisterial District 05–2–17 until August 26, 1993, when the Respondent was placed on inactive status (with pay) pending the disposition of federal criminal charges. On or about January 22, 1996, the Respondent resigned his office. A true and correct copy of his resignation letter to then Chief Justice Robert N.C. Nix, Jr., is attached to the stipulations, made a part thereof by reference and marked Exhibit S–1.

3. By indictment docketed at Criminal Number 94–00233–002 in the United States District Court for the Western District of Pennsylvania, the Respondent, along with two co-defendants, was charged with the following crimes:

A. Count 1, Conspiracy—Mail Fraud, in violation of Title 18 U.S.C. § 371 and graded as a felony;

B. Count 2, Conspiracy—Civil Rights, in violation of Title 18 U.S.C. § 241 and graded as a felony; and

C. Counts 3–12, Conspiracy—Mail Fraud, in violation of Title 18 U.S.C. §§ 1341 and 1342 and graded as felonies.

A true and correct copy of said indictment is attached to the stipulations, made a part thereof by reference and marked Exhibit S–2.

4. After Counts 3 through 12 were severed, the Respondent, together with co-defendants Nunzio Melograne and Walter Cross, proceeded to trial on Counts 1 and 2 of the indictment before the Honorable Donetta Ambrose and a jury, on or about October 23, 1995.

5. On or about January 22, 1996, the jury found the Respondent guilty on both Counts 1 and 2. A true and correct copy of the Verdict Slip is attached to the stipulations, made a part thereof by reference and marked Exhibit S–3.

6. On April 12, 1996, Judge Ambrose sentenced the Respondent to serve a period of incarceration of 33 months on each of the two Counts. The sentences were ordered to run concurrently with each other. True and correct copies of the judgments and commitment orders for the Respon-

dent and his co-defendants are attached to the stipulations, made a part thereof by reference and marked Exhibit S–4.

7. The Respondent filed a timely Notice of Appeal from his convictions to the United States Court of Appeals for the Third Circuit.

8. On or about October 21, 1997, a panel of the United States Court of Appeals for the Third Circuit entered a Judgment and Opinion which affirmed the Respondent's conviction for Conspiracy to violate civil rights (Count 2 of the indictment) and reversed his conviction for Conspiracy to commit mail fraud (Count 1 of the indictment) and then remanded the case for re-sentencing. True and correct copies of the Judgment and Opinion are attached to the stipulations, made a part thereof by reference and marked Exhibit S–5.

9. Both Respondent and the United States requested reconsideration before the Third Circuit and these requests were denied.

10. Both Respondent and the United States filed Petitions for Certiorari before the Supreme Court of the United States and these petitions were denied.

11. On June 17, 1998, Respondent's Motion for a New Trial was denied by Judge Ambrose. A true and correct copy of the Memorandum Order is attached to the stipulations, made a part thereof by reference and marked Exhibit S–6. The Respondent was then re-sentenced by Judge Ambrose. The Respondent received a sentence of 27 months incarceration on Count 2, Conspiracy to Violate Civil Rights. True and correct copies of the Judgment of Sentence and the re-sentencing hearing transcript are attached to the stipulations, made a part thereof by reference and marked Exhibit S–7.

12. Respondent filed post-trial sentence motions which were denied by Judge Ambrose on June 18, 1998.

13. On June 26, 1998, Respondent filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit, docketed to No. 98–3370. A true and correct copy of the Notice of Appeal is attached to the stipulations, made a part thereof by reference and marked Exhibit S–8.

14. The Respondent's second appeal was denied by a Memorandum Opinion filed June 18, 1999. The request for reconsideration in the nature of a Motion to Recall Mandate was denied by the United States Court of Appeals for the Third Circuit on July 15, 1999.

15. The Respondent has exhausted his direct appeals and remains a convicted and sentenced felon.

16. A true and correct copy of the docket entries from *USA v. Cross, et al*, No. 94–CR–233, certified from the record on August 6, 1999, is attached to the stipulations, made a part thereof by reference and marked Exhibit S–9.

### III. DISCUSSION

As spelled out in the Findings of Fact, Respondent has been convicted of a felony. All direct appeals have been exhausted, thus, the conviction has achieved the requisite finality to warrant the imposition of discipline by this Court pursuant to Article V, § 18(d)(1) of the Pennsylvania Constitution.

Respondent's conviction, of itself, provides the grounds for the imposition of discipline. The Pennsylvania Constitution provides:

A justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for *conviction of a felony* . . . .

Pa. Const. Art. V, § 18(d)(1) (emphasis added). Thus, although the Board has charged the Respondent with other violations which may also justify the imposition of discipline, a review of these other provisions of the Constitution or of the Rules Governing Standards of Conduct of District Justices would be superfluous for the

criminal conviction provides a *per se* basis for discipline. *In re Larsen,* 746 A.2d 108 (Pa.Ct.Jud.Disc.1999).

## IV. CONCLUSIONS OF LAW

1. Respondent was convicted of violation of 18 U.S.C. § 371—conspiracy to violate civil rights.

2. This crime is classified as a felony.

3. The aforesaid conviction subjects Respondent to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.

## ORDER

PER CURIAM.

AND NOW, this 17th day of May, 2000, based upon the Conclusions of Law, it is hereby ORDERED:

That, pursuant to C.J.D.R.P. No. 503, the attached Opinion with Findings of Fact and Conclusions of Law be and it is hereby filed, and shall be served on the Judicial Conduct Board and upon the Respondent,

That, either party may file written objections to the Court's Conclusions of Law within ten (10) days of this Order. Said objections shall include the basis therefor and shall be served on the opposing party,

That, in the event that such objections are filed, the Court shall determine whether to entertain oral argument upon the objections, and issue an Order setting a date for such oral argument, and

That, in the event objections are not filed, the Conclusions of Law shall become final, and this Court will issue an Order setting a date, pursuant to C.J.D.R.P. No. 504, for a hearing on the issue of sanctions.

## ORDER

PER CURIAM.

AND NOW, this 29th day of September, 2000, the Findings of Fact and Conclusions of Law set forth in this Court's Opinion dated May 17, 2000, having become final pursuant to C.J.D.R.P. No. 503, and after the hearing held by the full Court on September 27, 2000 on the issue of sanctions, IT IS HEREBY ORDERED:

1. Respondent, Jules Melograne, is removed from office and shall be ineligible to hold judicial office in the future.

2. Respondent is disbarred from the bar of this Commonwealth.

RUSSO, J., did not participate in the consideration or disposition of this case.

SYLVESTER, MILLER, JJ., did not participate in the consideration or disposition of this order.