In re Gigi SULLIVAN, Former District Justice In and For Magisterial District 05–3–03.

No. 3 JD 01.

Court of Judicial Discipline of Pennsylvania.

Aug. 30, 2002.

Before: RUSSO, P.J., SPOSATO, LEADBETTER, COGNETTI, HORGOS, O'LEARY, SENECA and BEASLEY, JJ.

## ORDER

PER CURIAM.

AND NOW, this 30th day of August, 2002, the Findings of Fact and Conclusions of Law set forth in this Court's Opinion dated April 1, 2002, having become final pursuant to C.J.D.R.P. No. 503, and after the hearing held by the full Court on August 26, 2002 on the issue of sanctions, IT IS HEREBY ORDERED that Respondent, Gigi Sullivan, is removed from office and shall be ineligible to hold judicial office in the future.[1]

HALESEY, J., did not participate in the consideration or disposition of this case.

1. The Court recognizes that Respondent does not currently hold judicial office. She was suspended by the Supreme Court on October 19, 1999 and her term expired January 2, 2000. See paragraph 2 of the Findings of Fact set out in this Court's Opinion, *In re Gigi Sullivan*, No. 3 JD 01, slip op. at 2 (Pa.Ct.Jud. Disc. filed April 1, 2002).

It has been contended in other cases that the jurisdiction of the Supreme Court to discipline a judge ends when the judge's judicial service ends. See *Matter of Glancey*, 518 Pa. 276, 542 A.2d 1350 (1988); *Judicial Inquiry and Review Board v. Snyder*, 514 Pa. 142, 523 A.2d 294 (1987). The Supreme Court rejected this argument in both cases for the reason that "once instituted, our jurisdiction over disciplinary proceedings is thus only at an end when we issue a final order." These holdings of the Supreme Court were followed by this Court in *In re Larsen*, 717 A.2d 39, 43 (Pa.Ct.Jud.Disc.1998) and *In re Cicchetti*, 697 A.2d 297, 301, n. 1 (Pa.Ct.Jud.Disc.1997).

The Court notes that in *Glancey* and *Snyder*, as well as in *Larsen* and *Cicchetti*, although sanctions in those cases were *imposed* after the judicial officer's tenure in office had ended, the disciplinary proceedings in those cases were *commenced* at a time when those judicial officers still held their judicial offices; whereas, in this case the Respondent did not even receive notification of an investigation by the Judicial Conduct Board until July 6, 2001—well after her judicial service was terminated. In these circumstances it has been argued that the application of *Snyder* and *Glancey* should be limited to cases where disciplinary action is commenced at a time when the judicial officer was still in office and that those cases merely provide for a continuation of such jurisdiction after judicial tenure has terminated. See *In re Chesna*, 659 A.2d 1091 (Pa.Ct.Jud.Disc.1995). In that case this Court recognized that *Glancey* and *Snyder* were distinguishable, for, in *Chesna*, as here, the Respondent was not even informed of an investigation by the Judicial Conduct Board until well after he left office. We reiterate here what we said in *Chesna* on the question:

We agree that this case is factually distinguishable, but cannot conclude that this distinction affects the jurisdiction of this Court.

In its holding in *Snyder*, Chief Justice Nix, writing for a majority of our Supreme Court, noted that

[T]he people have entrusted to this Court the task of finally determining whether a judge should be disciplined, and, if so, the extent of that discipline and its consequences. Those consequences are not necessarily restricted to the term for which the judge has been elected or retained when he engages in improprieties which require discipline.

*Snyder* at 152, 523 A.2d at 299.

In adopting the 1993 amendment, the people have constitutionally transferred that task to this Court. Although charges were not brought until well after Chesna left office, a conclusion that this Court lacked jurisdiction to impose an appropriate sanction would result in exactly the same type of evil sought to be avoided by the rationale of *Snyder* and its progeny, i.e., avoidance of discipline by resignation prior to charges being brought. In *Disciplinary Counsel v. Anonymous Atty.*, 528 Pa. 83, 94, 595 A.2d 42, 47 (1991), our Supreme Court held that

[The former] JIRB's authority to investigate allegations of misconduct concerning members of the judiciary is not restricted to conduct of a judge in his official capacity. Nor is JIRB's jurisdiction limited *by the status of the judicial officer at the time the misconduct occurred or at the time the investigation*

O'LEARY, Judge.

## I. INTRODUCTION

The Judicial Conduct Board ("Board") filed a Complaint with this Court on October 2, 2001 against Former District Justice Gigi Sullivan ("Respondent"). The Complaint consists of five Counts, all based on Respondent's conviction of a felony.

The Board has charged that Respondent's conviction of a felony subjects her to discipline under Article V, § 18(d)(1) of the Pennsylvania ° Constitution because the conviction constitutes:

1. a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution (conviction of a felony, Count 1),

2. a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution (conviction of an infamous crime, Count 2),

3. a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution (conduct which brings the judicial office into disrepute, Count 3),

4. a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution (conduct prejudicial to the administration of justice, Count 4), and

5. a violation of Article V, § 17(b) of the Pennsylvania Constitution by virtue of violating Sections 903, 911 and 5105 of the Pennsylvania Crimes Code.

The Board and the Respondent have submitted stipulations of fact in lieu of trial under C.J.D.R.P. No. 502(D)(1), and a waiver of trial. The Court hereby accepts those stipulations of fact in pertinent part, recited below, as the facts necessary for disposition of this case.

## II. FINDINGS OF FACT

1. The Judicial Conduct Board is empowered by Article V, § 18 of the Constitution of the Commonwealth of Pennsylvania to file formal charges alleging ethical misconduct on the part of judges, justices or justices of the peace and to present the case in support of the formal charges before the Court of Judicial Discipline.

2. Respondent, former district justice for Magisterial District 05–3–03, commenced her service as district justice on or about January 3, 1994. On or about October 19, 1999, the Supreme Court of Pennsylvania entered an Order relieving the Respondent of all judicial and administrative duties. A true and correct copy of said Order of the Supreme Court is attached as Exhibit 1 to the Board Complaint. On or about January 2, 2000, the Respondent's term of office expired.

3. On or about March 10, 2000, by Information No. 105 of 2000, filed in the Court of Common Pleas of Allegheny County, the Respondent was charged by the Office of Attorney General with twenty separate criminal counts. A true and correct copy of said Information is attached as Exhibit 2 to the Board Complaint.

4. On November 9, 2000, pursuant to a plea agreement, the Respondent pleaded guilty to Count 6, Count 7, and Count 10 of Information No. 2000–105, before Judge

---

into it has culminated. (emphasis added).

It is not of record before this Court at what point in time the former J.I.R.B. received its initial complaint in this matter and commenced an investigation, [nor is it in this case] nor is it relevant. What is relevant is that the actions alleged by the Board occurred while Chesna occupied his judicial office. Accordingly, we hold that this Court properly has jurisdiction over respondent for the acts alleged by the Judicial Conduct Board.

*In re Chesna, supra,* at 1092–93.

So, too, does this Court have jurisdiction in this case since the conduct at issue here took place while this Respondent occupied her judicial office.

Robert E. Colville of the Court of Common Pleas of Allegheny County. Said Counts charged Respondent as follows:

Count 6: Criminal Conspiracy, in violation of 18 Pa.C.S. § 903 and graded as a felony;

Count 7: Corrupt Organizations, in violation of 18 Pa.C.S. § 911(b)(3) and graded as a felony 1; and

Count 10: Hindering Apprehension or Prosecution, in violation of 18 Pa.C.S. § 5105 and graded as a felony 3.

A true and correct copy of the Transcript of the Guilty Plea Hearing is attached as Exhibit 3 to the Board Complaint.

5. On February 20, 2001, Judge Colville sentenced the Respondent to the following:

A. *Count 6. Criminal Conspiracy (18 Pa.C.S. § 903, Felony):* 23 months intermediate punishment; minimum 11½ months in Allegheny County Jail, alternative housing and work release; balance of maximum to be served on RIP (residential intermediate punishment); Defendant to complete 20 hours community service;

B. *Count 7. Corrupt Organizations (18 Pa.C.S. § 911(b)(3), Felony 1):* 5 years probation; and

C. *Count 10. Hindering Apprehension or Prosecution (18 Pa.C.S. § 5105, Felony 3):* 5 years probation concurrent with first 5 years at Count 7.

A true and correct copy of the Transcript of the Sentencing Hearing is attached as Exhibit 4 to the Board Complaint.

6. Respondent did not appeal from the judgment of sentence and the convictions stand uncontested and final.

7. A true and correct copy of the docket entries from *Commonwealth of Pennsylvania v. Gigi Sullivan,* No. CC2000–105, Allegheny County, certified from the record on October 1, 2001, is attached as Exhibit 5 to the Board Complaint.

## III. DISCUSSION

As spelled out in the Findings of Fact, Respondent has been convicted of three felonies. No appeal was taken from the judgment of sentence, thus, the convictions have achieved the requisite finality to warrant the imposition of discipline by this Court pursuant to Article V, § 18(d)(1) of the Pennsylvania Constitution.

Respondent's convictions, alone, provide the grounds for the imposition of discipline. The Pennsylvania Constitution provides:

A justice, judge, or justice of the peace may be suspended, removed from office or otherwise disciplined for *conviction of a felony* . . . .

Pa. Const. Art. V, § 18(d)(1) (emphasis added). Thus, although the Board has charged the Respondent with other violations which may also justify the imposition of discipline, a review of those other provisions of the constitution would be superfluous for the criminal conviction provides a *per se* basis for discipline. *In re Larsen,* 746 A.2d 108 (Pa.Ct.Jud.Disc.1999), *see, also, In re Melograne,* 759 A.2d 475 (Pa. Ct.Jud.Disc.2000).

## IV. CONCLUSIONS OF LAW

1. Respondent entered guilty pleas to three criminal counts charging her with violations of three criminal statutes, *viz.,* 18 Pa.C.S. § 903 (Criminal Conspiracy), 18 Pa.C.S. § 911(b)(3) (Corrupt Organizations), and 18 Pa.C.S. § 5105 (Hindering Apprehension or Prosecution).

2. These crimes are classified as felonies.

3. The aforesaid convictions subject Respondent to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.

HORGOS, J., concurs in the result.

## ORDER

PER CURIAM.

AND NOW, this 1st day of April, 2002, based upon the Conclusions of Law, it is hereby ORDERED:

That, pursuant to C.J.D.R.P. No. 503, the attached Opinion with Findings of Fact and Conclusions of Law be and it is hereby filed, and shall be served on the Judicial Conduct Board and upon the Respondent,

That, either party may file written objections to the Court's Conclusions of Law within ten (10) days of this Order. Said objections shall include the basis therefor and shall be served on the opposing party,

That, in the event that such objections are filed, the Court shall determine whether to entertain oral argument upon the objections, and issue an Order setting a date for such oral argument, and

That, in the event objections are not filed, the Findings of Fact and Conclusions of Law shall become final, and this Court will issue an Order setting a date, pursuant to C.J.D.R.P. No. 504, for a hearing on the issue of sanctions.