**In re Ronald AMATI, District Justice In and For Magisterial District 27–1–02 Washington County.**

**No. 4 JD 03.**

Court of Judicial Discipline of Pennsylvania.

May 8, 2004.

Before: SAL COGNETTI, Jr., P.J., ROBERT P. HORGOS, MICHELE O'LEARY, JAMES E. BEASLEY, JOSEPH A. HALESEY, ROBERT L. CAPOFERRI, and PAUL P. PANEPINTO, JJ.

PANEPINTO, Judge.

## I. *INTRODUCTION*

The Judicial Conduct Board ("Board") filed a Complaint with this Court on December 1, 2003 against District Justice Ronald Amati ("Respondent"). The Complaint charges that Respondent has been convicted of felonies which constitute violations of Rule 2(A) of the Rules Governing Standards of Conduct of District Justices and Sections 17(b) and 18(d)(1) of Article V of the Pennsylvania Constitution and that, as a consequence, he is subject to discipline under Article V, § 18(d)(1) of the Constitution.

The Board and the Respondent have submitted stipulations of fact in lieu of trial under C.J.D.R.P. No. 502(D)(1) and a waiver of trial. The Court hereby accepts those stipulations of fact in pertinent part, recited below, as the facts necessary for the disposition of this case.

## II. *FINDINGS OF FACT*

1. The Board is empowered by Article V, § 18 of the Constitution of the Commonwealth of Pennsylvania to file formal charges alleging misconduct on the part of justices, judges, or justices of the peace, and to present the case in support of the

formal charges before the Pennsylvania Court of Judicial Discipline.

2. District Justice Ronald Amati (hereinafter referred to as "Respondent") commenced his service as a District Justice for Magisterial District 27–1–02 in Washington County (the Twenty–Seventh Judicial District) encompassing the city of Monongahela, Township of Carroll, and the boroughs of Donora and New Eagle, with an office located at 604–B Park Avenue, Monongahela, Pennsylvania 15063, on or about January 1988.

3. The Respondent, by Pennsylvania Supreme Court Order dated April 23, 1999, was relieved "of all judicial and administrative duties and responsibilities until further Order of Court." A certified copy of the Order is attached as Exhibit "1" to the Stipulations of Fact.

4. On or about February 7, 2001, the Board filed a Petition for Relief requesting an interim order that Respondent be suspended without pay.

5. By Order dated April 24, 2001, the Court of Judicial Discipline directed the Respondent's suspension without pay. A certified copy of the Order is attached as Exhibit "2" to the Stipulations of Fact.

6. During a board teleconference on October 3, 2003, the Judicial Conduct Board by unanimous vote found there was probable cause to believe that Respondent's conduct was of a nature requiring the filing of formal charges.

7. On or about April 4, 2000, the Respondent was federally indicted in the case of *United States of America v. Ronald Amati, Debra Vlanich,* No. 00 CRIM 59 in the United States District Court for the Western District of Pennsylvania. By the Indictment the Respondent was charged with the following crimes: (1) Conspiracy to Commit Offense or Defraud the United States, Title 18 U.S.C. § 371, graded as a felony offense; (2) Prohibition of Illegal Gambling Businesses, Title 18 U.S.C. § 1955 and 2, graded as a felony offense; and (3) Obstruction of State or Local Law Enforcement, Title 18 U.S.C. § 1511 and 2, graded as a felony offense. A certified copy of the Indictment is attached as Exhibit "3" to the Stipulations of Fact.

8. On or about January 9, 2001, the Respondent and co-defendant, Debra Vlanich proceeded to a jury trial in the United States District Court, Western District of Pennsylvania, presided over by United States Judge Gustave Diamond.

9. Following a jury trial ending on or about February 5, 2001, the Respondent was found guilty of all felony offenses charged and referenced above in Paragraph 7. A certified copy of the Verdict Slip is attached as Exhibit "4" to the Stipulations of Fact.

10. On or about May 10, 2001, the Honorable Gustave Diamond sentenced the Respondent to three concurrent terms of incarceration of forty-two (42) months and imposed a special assessment of $300.00 and a fine of $7,500.00. Upon release from prison, Judge Diamond also directed that the Respondent be subject to supervised release for a term of two (2) years. A certified copy of the Sentencing Order is attached as Exhibit "5" to the Stipulations of Fact.

11. On or about May 18, 2001, the Respondent filed a timely Notice of Appeal to the United States Court of Appeals for the Third Circuit at docket 01–2315 "from the conviction Judgment/Order entered on February 5, 2001, and sentencing Judgment/Order entered on May 11, 2001, in this action." A certified copy of the Respondent's Notice of Appeal is attached as Exhibit "6" to the Stipulations of Fact.

12. On or about September 24, 2003, the United States Court of Appeals for the

Third Circuit, by opinion authored by United States District Judge John P. Fullam, part of a three-judge panel, affirmed the Respondent's conviction for all felony offenses referenced above in Paragraph 7 but remanded his case to the United States District Court for the Western District of Pennsylvania for re-sentencing.

13. On or about October 16, 2003, the Honorable Gustave Diamond signed an Amended Judgment of Sentence ordering:

TIME SERVED to expire at 5:00 p.m. on October 17, 2003, at each of Counts 1, 2 and 3 to run concurrent with each other, a fine of $7,500.00; a special assessment of $300.00 and two (2) years Supervised Release.

A true and correct copy of the Judgment of Sentence is attached as Exhibit "7" to the Stipulations of Fact.

14. The Respondent was released from incarceration on October 17, 2003.[1]

## III. DISCUSSION

■ As set out in the Findings of Fact, Respondent has been convicted of the commission of felonies and the judgment of sentence was entered on October 16, 2003 from which no appeal has been taken. The conviction, therefore, has achieved the requisite finality to warrant the imposition of discipline by this Court pursuant to Article V, § 18(d)(1) of the Pennsylvania Constitution. *See, In re Larsen*, 746 A.2d 108, 110 (Pa.Ct.Jud.Disc. 1999), and *In re Jaffe*, 839 A.2d 487, 489 (Pa.Ct.Jud.Disc.2003).

Respondent's conviction, of itself, provides the grounds for the imposition of discipline—the Pennsylvania Constitution provides:

A justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for *conviction of a felony* . . . .

Pa. Const. Art. V, § 18(d)(1) (emphasis added). *See, In re Sullivan*, 805 A.2d 71, 74 (Pa.Ct.Jud.Disc.2002); *In re Melograne*, 759 A.2d 475, 477 (Pa.Ct.Jud.Disc. 2000); *In re Larsen*, *supra* at 110.

We have said many times that a conviction of a felony *"of itself* provides the grounds for the imposition of discipline" and that, in such cases, it is judicially inexpedient for this Court to determine whether the underlying conduct constitutes violations of other ethical or constitutional provisions even though charged by the Board. *In re Jaffe*, *supra* at 489; *see also, In re Sullivan*, *supra* at 74; *In re Melograne*, *supra* at 477.

Here, the Board has charged that Respondent's conviction constitutes a violation of Article V, § 17(b) of the Pennsylvania Constitution and, as well, of Rule 2(A) of the Rules Governing Standards of Conduct of District Justices.

■ Inasmuch as Section 17(b) of Article V of the Pennsylvania Constitution provides that: "[district justices] shall not engage in any activity prohibited by law"[2] we find that Respondent's felony convictions constitute a violation of this Section of the Constitution.

---

1. There are actually 15 stipulations; however, in Stipulation No. 15, the parties stipulate as to conclusions of law. We have said on several occasions that, although parties are free to do that, we regard it as the obligation of this Court to make independent conclusions of law. *In re Zoller*, 792 A.2d 34, 36 (Pa.Ct.Jud. Disc.2002); *In re Crahalla*, 747 A.2d 980, 989 (Pa.Ct.Jud.Disc.2000), *aff'd*, 568 Pa. 93, 792

A.2d 1244 (2000); *In re Strock*, 727 A.2d 653, 656 (Pa.Ct.Jud.Disc.1998).

2. *In re Joyce and Terrick*, 712 A.2d 834, 845 (Pa.Ct.Jud.Disc.1998). *See also, In re Zoller*, 792 A.2d 34, 36 (Pa.Ct.Jud.Disc.2002); *In re Kelly*, 757 A.2d 456, 460 (Pa.Ct.Jud.Disc. 2000).

Inasmuch as Rule 2(A) provides: "A district justice shall respect and comply with the law ..." we find that Respondent's felony convictions constitute a violation of that rule.

## IV. *CONCLUSIONS OF LAW*

1. Respondent was convicted of three counts of criminal conduct: (1) Conspiracy to Commit Offense or Defraud the United States, Title 18 U.S.C. § 371, (2) Prohibition of Illegal Gambling Businesses, Title 18 U.S.C. § 1955 and 2, and (3) Obstruction of State or Local Law Enforcement, Title 18 U.S.C. § 1511 and 2.

2. These crimes are classified as felonies.

3. Judgment of sentence is final as the time for filing any direct appeal has elapsed.

4. The aforesaid convictions subject Respondent to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.

### ORDER

AND NOW, this 8th day of March, 2004, based upon the Conclusions of Law, it is hereby ORDERED:

That, pursuant to C.J.D.R.P. No. 503, the attached Opinion with Findings of Fact and Conclusions of Law be and it is hereby filed, and shall be served on the Judicial Conduct Board and upon the Respondent,

That, either party may file written objections to the Court's Conclusions of Law within ten (10) days of this Order. Said objections shall include the basis therefor and shall be served on the opposing party,

That, in the event that such objections are filed, the Court shall determine whether to entertain oral argument upon the objections, and issue an Order setting a date for such oral argument, and

That, in the event objections are not filed, within the time set forth above, the Findings of Fact and Conclusions of Law shall become final, and this Court will issue an Order setting a date, pursuant to C.J.D.R.P. No. 504, for a hearing on the issue of sanctions.

O'DELL SENECA, J., did not participate in the consideration or disposition of this case.

### ORDER

PER CURIAM.

AND NOW, this 10th day of May, 2004, the Findings of Fact and Conclusions of Law set forth in this Court's Opinion dated March 8, 2004 having become final pursuant to C.J.D.R.P. No. 503, and after hearing held by the full court on April 27, 2004 on the issue of sanctions, IT IS HEREBY ORDERED that Respondent, Ronald Amati, is removed from office and shall be ineligible to hold judicial office in the future.

O'DELL SENECA, J., did not participate in the consideration or disposition of this Order.