## In re Michael Thomas JOYCE, Former Judge, Superior Court of Pennsylvania.

Court of Judicial Discipline
of Pennsylvania.

June 24, 2011.
Sanction Order Issued July 26, 2011.

---

Joseph A. Massa, Jr., Counsel, Judicial Conduct Board, for the Judicial Conduct Board.

John E. Quinn, Pittsburgh, PA, for respondent.

Before JUDGE, SR., P.J., KURTZ, P.J.E., JAMES, MORRIS, CURRAN, McGINLEY, and CLEMENT, JR., JJ.

PER CURIAM.

AND NOW, this 24th day of June, 2011, based upon the Conclusions of Law, it is hereby ORDERED:

That, pursuant to C.J.D.R.P. No. 503, the attached Opinion with Findings of Fact and Conclusions of Law be and it is hereby filed, and shall be served on the Judicial Conduct Board and upon the Respondent,

That, either party may file written objections to the Court's Conclusions of Law within ten (10) days of this Order. Said objections shall include the basis therefor and shall be served on the opposing party,

That, in the event that such objections are filed, the Court shall determine whether to entertain oral argument upon the objections, and issue an Order setting a date for such oral argument,

That, in the event objections are not filed, within the time set forth above, the Findings of Fact and Conclusions of Law shall become final, and this Court will conduct a hearing on the issue of sanctions on July 26, 2011 at 2 p.m. in Commonwealth Court Courtroom 5001, Fifth Floor, Pennsylvania Judicial Center, 601 Commonwealth Avenue, Harrisburg, Pennsylvania.

That, the Judicial Conduct Board and the Respondent shall each file on or before July 19, 2011 a list of such witnesses as either party may intend to represent for testimony at that hearing, and shall serve a copy of said list upon the other party.

### *ORDER*

OPINION BY President Judge JUDGE.

## I. *INTRODUCTION*

The Judicial Conduct Board ("Board") filed a Complaint with this Court on April 11, 2011 against Michael Thomas Joyce, Pennsylvania Superior Court Judge ("Respondent"). The Complaint charges that Respondent has been convicted of felonies which constitutes a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution

and that, as a consequence, he is subject to discipline under Article V, § 18(d)(1) of the Constitution.

The Board and the Respondent have submitted stipulations of fact in lieu of trial under C.J.D.R.P. No. 502(D)(1) and a waiver of trial. The Court has accepted these stipulations of fact in pertinent part, recited below, as the facts necessary for the disposition of the case.

## II. *FINDINGS OF FACT*

1. Pursuant to Article V, § 18 of the Constitution of the Commonwealth of Pennsylvania, the Board is granted authority to determine whether there is probable cause to file formal charges, and, when it concludes that probable cause exists, to file formal charges, against a justice, judge, or magisterial district judge, for proscribed conduct and to present the case in support of such charges before the Court of Judicial Discipline.

2. Respondent commenced service as a Judge of the Court of Common Pleas of Erie County on or about July 1, 1985. On January 4, 1998, he resigned as Judge of the Court of Common Pleas of Erie County. On January 5, 1998, Respondent commenced service as a Judge of the Superior Court of Pennsylvania. On August 17, 2007, by Order of the Supreme Court of Pennsylvania, which had received notice that Respondent had been indicted on criminal charges in the United States District Court for the Western District of Pennsylvania, Respondent was "relieved of any and all judicial and administrative responsibilities as a judge of the Superior Court of Pennsylvania and ordered not to take any further administrative or judicial action whatsoever in any case or proceeding now or hereinafter pending in the Superior Court of Pennsylvania until further Order of this Court." On August 21, 2007, the Supreme Court of Pennsylvania issued an Amendatory Order, clarifying that its action would "not result in any diminution in salary or benefits." On January 6, 2008, Respondent's term on the Superior Court of Pennsylvania expired.

3. At a Board meeting on April 4, 2011, the Judicial Conduct Board found that there was probable cause to believe that Respondent's conduct was of a nature requiring the filing of formal charges.

4. On August 15, 2007, the Respondent was indicted by a federal grand jury in the case of *United States of America v. Michael Thomas Joyce,* No. 07–CR–00031 in the United State District Court for the Western District of Pennsylvania. By the Indictment the Respondent was charged with the following crimes:

Count 1: Mail Fraud, in violation of 18 U.S.C. § 1341 and 2, classified as a felony;

Count 2: Mail Fraud, in violation of 18 U.S.C. § 1341 and 2, classified as a felony;

Count 3: Mail Fraud, in violation of 18 U.S.C. § 1341 and 2, classified as a felony;

Count 4: Engaging in monetary transactions in property derived from specific unlawful conduct, in violation of 18 U.S.C. § 1957 and 2, classified as a felony;

Count 5: Engaging in monetary transactions in property derived from specified unlawful conduct, in violation of 18 U.S.C. § 1957 and 2, classified as a felony;

Count 6: Engaging in monetary transactions in property derived from specified unlawful conduct, in violation of 18 U.S.C. § 1957 and 2, classified as a felony;

Count 7: Engaging in monetary transactions in property derived from specified unlawful conduct, in violation of

18 U.S.C. § 1957 and 2, classified as a felony.

Court 8: Engaging in monetary transactions in property derived from specified unlawful conduct, in violation of 18 U.S.C. § 1957 and 2, classified as a felony;

Count 9: Engaging in monetary transactions in property derived from specified unlawful conduct, in violation of 18 U.S.C. § 1957 and 2, classified as a felony.

5. On October 22, 2008, the Respondent proceeded to a jury trial in the United States District Court for the Western District of Pennsylvania, presided over by United States District Judge Maurice B. Cohill.

6. On November 18, 2008, upon motion of the Government, Count 2 of the indictment, Mail Fraud, was dismissed.

7. On November 19, 2008, the jury found Respondent guilty of Count 1 and of Counts 3 through 9 of the indictment.

8. On March 10, 2009, Judge Cohill sentenced the Respondent to serve a period of incarceration of forty-six (46) months on each Count, the sentences to run concurrently; to serve a period of three (3) years supervised release upon his release from prison; to make restitution in the amount of $444,000; to pay a special assessment of $800; and to forfeit specified cash, cash equivalents, bank accounts, real estate, and personal property.

9. On March 12, 2009, the Respondent filed a timely Notice of Appeal to the United States Court of Appeals for the Third Circuit at docket 09–1739.

10. On April 6, 2010, the United States Court of Appeals for the Third Circuit, by opinion authored by United States District Judge Cynthia M. Rufe, part of a three-judge panel, affirmed the Respondent's conviction of all felony offenses referenced above in Paragraph 7 and the Respondent's sentence of March 10, 2009, referenced in Paragraph 8.

11. On April 20, 2010, the Respondent filed a Petition for Rehearing by the original panel of the United States Court of Appeals for the Third Circuit or by the Court *en banc*. On August 13, 2010, the United States Court of Appeals for the Third Circuit denied Respondent's Petition for Rehearing by the panel or by the Court *en banc*.

12. The Respondent has filed no further appeal from the decision of the United States Court of Appeals for the Third Circuit. He remains a convicted and sentenced felon.

## III. *DISCUSSION*

■ As set out in the Findings of Fact, Respondent has been convicted of two (2) counts of mail fraud in violation of 18 U.S.C. § 1341 and 2 and six (6) counts of engaging in monetary transactions in property derived from specified unlawful conduct in violation of 18 U.S.C. § 1957 and 2, all of which are felonies. Judgment of sentence was entered on March 10, 2009. On March 12, 2009 Respondent filed a Timely Notice of Appeal to the United States Court of Appeals for the Third Circuit. On April 6, 2010 the United States Court of Appeals for the Third Circuit affirmed Respondent's conviction of all felony offenses as well as the Respondent's sentence of March 10, 2009. On April 20, 2010 Respondent filed a Petition for Rehearing in the United States Court of Appeals for the Third Circuit. That Petition was denied by the United States Court of Appeals for Third Circuit on August 13, 2010. No further appeal has been taken from said order. No further appeal may be taken inasmuch as the time period for filing such appeal has expired. The con-

victions, therefore, have achieved the requisite finality to warrant the imposition of discipline by this Court pursuant to Article V, § 18(d)(1) of the Pennsylvania Constitution. *See, In re Larsen*, 746 A.2d 108, 110 (Pa.Ct.Jud.Disc.1999), and *In re Jaffe*, 839 A.2d 487, 489 (Pa.Ct.Jud.Disc.2003).

 Respondent's convictions, of itself, provide the grounds for the imposition of discipline—the Pennsylvania Constitution provides:

> A justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for *conviction of a felony* . . . .

Pa. Const. Art. V, § 18(d)(1) (emphasis added). *See, In re Sullivan*, 805 A.2d 71, 74 (Pa.Ct.Jud.Disc.2002); *In re Melograne*, 759 A.2d 475, 477 (Pa.Ct.Jud.Disc.2000); *In re Larsen, supra* at 110.

We find that the Board has established by clear and convincing evidence that the Respondent was convicted of felonies which subject him to discipline under Article V, Section 18(d)(1) of the Pennsylvania Constitution.

## IV. CONCLUSIONS OF LAW

1. Respondent was convicted of two (2) counts of mail fraud in violation of 18 U.S.C. § 1341 and 2 and six (6) counts of engaging in monetary transactions in property derived from specified unlawful conduct in violation of 18 U.S.C. § 1957 and 2.

2. Those crimes are classified as felonies.

3. The judgment of sentence entered on March 10, 2009 is final as the time for filing any direct appeal has elapsed.

4. The aforesaid convictions subject Respondent to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.

## ORDER

AND NOW, this 26th day of July, 2011, it is ORDERED that Respondent, Michael Thomas Joyce, is hereby removed from office as Judge of the Superior Court of Pennsylvania, and it is further ORDERED that said Respondent is hereafter prohibited from holding any judicial office in the Commonwealth of Pennsylvania.