**In re Michael T. TOOLE, Former Judge, Court of Common Pleas, Luzerne County.**

Court of Judicial Discipline
of Pennsylvania.

June 24, 2011.
Sanctions Order Issued July 26, 2011.

Joseph A. Massa, Jr., Counsel, Judicial Conduct Board, for the Judicial Conduct Board.

Frank W. Nocito, Kingston, PA, for respondent.

Before JUDGE, SR., P.J., KURTZ, P.J.E., JAMES, MORRIS, CURRAN, McGINLEY, and CLEMENT, JR., JJ.

## ORDER

PER CURIAM.

AND NOW, this 24th day of June 2011, based upon the Conclusions of Law, it is hereby ORDERED:

That, pursuant to C.J.D.R.P. No. 503, the attached Opinion with Findings of Fact and Conclusions of Law be and it is hereby filed, and shall be served on the Judicial Conduct Board and upon the Respondent,

That, either party may file written objections to the Court's Conclusions of Law within ten (10) days of this Order. Said objections shall include the basis therefor and shall be served on the opposing party,

That, in the event that such objections are filed, the Court shall determine whether to entertain oral argument upon the objections, and issue an Order setting a date for such oral argument,

That, in the event objections are not filed, within the time set forth above, the Findings of Fact and Conclusions of Law shall become final, and this Court will conduct a hearing on the issue of sanctions on July 26, 2011 at 1 p.m. in Commonwealth Court Courtroom 5001, Fifth Floor, Pennsylvania Judicial Center, 601 Commonwealth Avenue, Harrisburg, Pennsylvania.

That, the Judicial Conduct Board and the Respondent shall each file on or before July 19, 2011 a list of such witnesses as either party may intend to present for testimony at that hearing, and shall serve a copy of said list upon the other party.

OPINION BY President Judge JUDGE.

## I. INTRODUCTION

The Judicial Conduct Board ("the Board") filed a Complaint with this Court on April 13, 2011 against Michael T. Toole, Judge of the Court of Common Pleas of Luzerne County ("Respondent"). The Complaint charges that Respondent has been convicted of two felonies which constitutes a violation of Article V, Section § 18(d)(1) of the Pennsylvania Constitution and that, as a consequence, he is subject to discipline under Article V, § 18(d)(1) of the Constitution.

The Board and the Respondent have submitted stipulations of fact in lieu of trial under C.J.D.R.P. No. 502(D)(1) and a waiver of trial. The Court has accepted these stipulations of fact in pertinent part and takes judicial notice of the fact that Respondent has filed no appeal from the judgment of sentence entered April 8, 2011 and that more than 30 days has expired since that date.

## II. FINDINGS OF FACT

1. Pursuant to Article V, § 18 of the Constitution of the Commonwealth of Pennsylvania, the Board is granted the authority to determine whether there is

probable cause to file formal charges, and, when it concludes that probable cause exists to file formal charges against a justice, judge, or magisterial district judge for proscribed conduct, to present the case in support of such charges before the Court of Judicial Discipline.

2. Respondent commenced service as a judge of the Court of Common Pleas of Luzerne County on January 5, 2004.

3. At a Board meeting on April 4, 2011, the Judicial Conduct Board found there was probable cause to believe that Respondent's conduct was of a nature requiring the filing of formal charges.

4. On December 2, 2009, a two-count Information was filed against Respondent in the United States District Court for the Middle District of Pennsylvania. Count 1 of the Information charged the Respondent with honest services wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, classified as a felony, and Count 2 of the Information charged the Respondent with willfully making and subscribing a false individual tax return in violation of 26 U.S.C. § 7206(1), also classified as a felony. Respondent pled guilty to Count 2.

5. On October 7, 2010, the United States Attorney's Office for the Middle District of Pennsylvania filed a Superseding Information in the case of *United States of America v. Michael T. Toole,* Criminal No. 3:CR–09–385, which charged the Respondent with Corrupt Receipt of Reward for Official Action Concerning Programs Receiving Federal Funds in violation of 18 U.S.C. § 666(a)(1)(B), classified as a felony. On November 2, 2010, Respondent pled guilty to the Superseding Information filed at 3:CR–09–385.

6. Upon Motion by the government, the Court dismissed Count 1 of the original Information, which charged honest services wire fraud,

7. On April 8, 2011, the Honorable Robert P. Conaboy, United States Senior District Court Judge, sentenced Respondent to 30 months in prison.

### III. *DISCUSSION*

As set out in the Findings of Fact, Respondent has been convicted of the commission of two felonies, *viz.,* subscribing and filing a materially false individual tax return in violation of 26 U.S.C. § 7206(1) and Corrupt Receipt of Reward for Official Action Concerning Programs Receiving Federal Funds in violation of 18 U.S.C. § 666(a)(1)(B), and the judgment of sentence was entered on April 8, 2011 from which no appeal has been taken. The convictions, therefore, have achieved the requisite finality to warrant the imposition of discipline by this Court pursuant to Article V, § 18(d)(1) of the Pennsylvania Constitution. *See, In re Larsen,* 746 A.2d 108, 110 (Pa.Ct.Jud.Disc.1999), and *In re Jaffe,* 839 A.2d 487, 489 (Pa.Ct.Jud.Disc. 2003).

Respondent's convictions, of itself, provide the grounds for the imposition of discipline—the Pennsylvania Constitution provides:

A justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for *conviction of a felony* . . . .

Pa. Const. Art. V, § 18(d)(1) (emphasis added). *See, In re Sullivan,* 805 A.2d 71, 74 (Pa.Ct.Jud.Disc.2002); *In re Melograne,* 759 A.2d 475, 477 (Pa.Ct.Jud.Disc. 2000); *In re Larsen, supra* at 110.

We find that the Board has established by clear and convincing evidence that the Respondent was convicted of felonies which subject him to discipline under Article V, Section 18(d)(1) of the Pennsylvania Constitution.

### IV. *CONCLUSIONS OF LAW*

1. Respondent was convicted of subscribing and filing a materially false individual tax return in violation of 26 U.S.C. § 7206(1) and Corrupt Receipt of Reward for Official Action Concerning Programs Receiving Federal Funds in violation of 18 U.S.C, § 666(a)(1)(B).

2. Both crimes are classified as felonies.

3. The judgment of sentence entered April 8, 2011 is final as the time for filing any direct appeal has elapsed.

4. The aforesaid convictions subject Respondent to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.