**In re Michael T. CONAHAN, Former Judge, Court of Common Pleas, Luzerne County.**

**No. 8 JD 11.**

Court of Judicial Discipline
of Pennsylvania.

March 14, 2012.
Sanctions Order Issued April 23, 2012.

Before CURRAN, P.J., JAMES, MORRIS, McGINLEY, McCUNE, and MULLEN, JJ.

PER CURIAM.

## I. *INTRODUCTION*

The Judicial Conduct Board ("the Board") filed a Complaint with this Court on December 21, 2011 against Michael T. Conahan, former Judge of the Court of Common Pleas of Luzerne County ("Respondent"). The Complaint charges that Respondent has been convicted of a felony which constitutes a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution and that, as a consequence, he is subject to discipline under Article V, § 18(d)(*l*) of the Constitution.

The Board and the Respondent have submitted stipulations of fact in lieu of trial under C.J.D.R.P. No. 502(D)(1) and a waiver of trial.[1] The Court has accepted these stipulations of fact in pertinent part, recited below, as the facts necessary for the disposition of the case.

## II. *FINDINGS OF FACT*

1. Pursuant to Article V, § 18 of the Constitution of the Commonwealth of Pennsylvania, the Board is granted the authority to determine whether there is probable cause to file formal charges, and, when it concludes that probable cause exists to file formal charges against a justice, judge, or magisterial district judge for proscribed conduct, to present the case in support of such charges before the Court of Judicial Discipline.

2. Respondent commenced service as a magisterial district judge on or about November 1, 1977. Respondent was elected to the Luzerne County Court of Common Pleas and commenced service on or about January 3, 1994. He continuously served as a judge of the Court of Common Pleas until his resignation on or about January 14, 2008. Respondent served as a senior judge from January 15, 2008 until January 28, 2009.

3. On or about September 9, 2009, Respondent was indicted by a federal grand jury in the case of *United States of America v. Conahan, et al,* 3:09–CR–00272–EMK–1, in the United States District Court for the Middle District of Pennsylvania. By Indictment, Respondent was charged with the following crime: Count 2: Racketeering Conspiracy, in violation of Title 18 U.S.C. § 1962(d), a felony.

4. On or about July 23, 2010, the Respondent pled guilty to Count 2 of the Indictment.

5. On or about September 23, 2011, Judge Edwin M. Kosik sentenced Respondent to serve a period of incarceration of two hundred ten (210) months; to serve a period of three (3) years supervised release after his period of incarceration; to make restitution in the amount of

---

1. The Court notes that former Judge Conahan has cooperated with the Judicial Conduct Board and this Court in the expedition of these proceedings. We mention this because in cases where the Respondent is incarcerated, particularly in another prison system, as in this case, facilitating these proceedings can be challenging.

$874,167.37; to pay a special assessment of $100; and a fine of $20,000.

6. The authenticity and admissibility of the following documents was stipulated:

(a) A true and correct copy of Respondent's Guilty Plea to Count 2, attached to the Complaint as Exhibit 2 which has been made part of this record.

(b) A true and correct copy of the Judgment and Sentencing Order, attached to the Complaint as Exhibit 3 which has been made part of this record.

(c) A true and correct copy of the docket entries in *United States of America v. Conahan, et al,* 3:09–CR–00272–EMK–1, attached to the Complaint as Exhibit 4 which has been made part of this record.

### III.  *DISCUSSION*

As set out in the Findings of Fact, Respondent was convicted of a violation of Title 18 U.S.C. § 1962(d), a felony. No appeal has been taken. The conviction, therefore, has achieved the requisite finality to warrant the imposition of discipline by this Court pursuant to Article V, § 18(d)(1) of the Pennsylvania Constitution. *See, In re Joyce,* 26 A.3d 577, 581 (Pa.Ct.Jud.Disc.2011); *In re Jaffe,* 839 A.2d 487, 489 (Pa.Ct.Jud.Disc.2003); and *In re Larsen,* 746 A.2d 108, 110 (Pa.Ct. Jud.Disc.1999).

Respondent's conviction, of itself, provides the grounds for the imposition of discipline—the Pennsylvania Constitution provides:

A justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for *conviction of a felony. . . .*

Pa. Const. Art. V, § 18(d)(1) (emphasis added). *See, In re Sullivan,* 805 A.2d 71, 74 (Pa.Ct.Jud.Disc.2002); *In re Melo-*

*grane,* 759 A.2d 475, 477 (Pa.Ct.Jud.Disc. 2000); *In re Larsen, supra* at 110.

We find that the Board has established by clear and convincing evidence that the Respondent was convicted of a felony which subjects him to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.

### IV.  *CONCLUSIONS OF LAW*

1. Respondent was convicted of a violation of Title 18 U.S.C. § 1962(d).

2. The crime is classified as a felony.

3. The judgment of sentence entered September 23, 2011 is final.

4. The aforesaid conviction subjects Respondent to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.

Judges CELLUCCI and CLEMENT did not participate in the consideration or disposition of this case.