In re Francis P. EAGEN, Former Judge of the Court of Common Pleas; Forty-fifth Judicial District Lackawanna County.

No. 4 JD 01.

Court of Judicial Discipline of Pennsylvania.

Dec. 19, 2002.

Before: RALPH J. SPOSATO, P.J., BONNIE B. LEADBETTER, ROBERT P. HORGOS, MICHELE O'LEARY, DEBBIE O'DELL SENECA, JOSEPH A. HALESEY, JJ.

LEADBETTER, Judge.

## I. INTRODUCTION

The Judicial Conduct Board ("Board") filed a Complaint with this Court on November 13, 2001 against former Judge Francis P. Eagen ("Respondent"). The Complaint recites that Respondent was the subject of a twelve count criminal information in Lackawanna County in which he was charged with violation of a number of sections of the Crimes Code of Pennsylvania; that Respondent was found guilty of "Obstructing Administration of Law or Other Governmental Function," 18 Pa. C.S.A. § 5101, set out in Count No. 9 of this information, and was found not guilty of all other charges. The Complaint further recites the conduct upon which Count No. 9 was based and that this conduct constitutes a misdemeanor; that all direct appeals have been exhausted and that the Pennsylvania Supreme Court denied Respondent's Petition for Allowance of Appeal.

The Board has charged that the conduct set out in Count No. 9 of the criminal information and Respondent's conviction thereof subjects him to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution for the following reasons:

1. The conduct is such that brings the judicial office into disrepute (Count 1),

2. the conduct is such that is prejudicial to the administration of justice (Count 2),

3. the conduct constitutes misconduct in office (Count 3),

4. the conduct constitutes a violation of Canon 2 of the Code of Judicial Conduct (Count 4), and

5. the conduct constitutes a violation of Article V, § 17(b) of the Pennsylvania Constitution (Count 7).

The Board also charges that Respondent is subject to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution because:

1. he has been convicted of an infamous crime (Count 5), and

2. he has been convicted of misbehavior in office by a Court (Count 6).

The Board and the Respondent have submitted stipulations of fact in lieu of trial under C.J.D.R.P. No. 502(D)(1), and a waiver of trial. The Court hereby accepts these stipulations of fact in pertinent part, recited below, as the facts necessary for disposition of this case.

## II. FINDINGS OF FACT

1. The Respondent commenced his service as Judge of the Court of Common Pleas, Forty-fifth Judicial District, Lackawanna County, on or about January 1988. At the Respondent's request, President Judge James J. Walsh placed the Respondent on administrative leave on September 22, 1997. The Respondent continuously held the office of Judge of the Court of Common Pleas, Forty-fifth Judicial District, Lackawanna County, until January 4, 1998, when his term ended after an unsuccessful bid for re-election.

2. On or about January 21, 1999, at docket 98 CR 2398, the Commonwealth of Pennsylvania Office of Attorney General filed a twelve-count criminal information against the Respondent in the Court of Common Pleas of Lackawanna County. A true and correct certified copy of the criminal information is attached to the stipulations as Board's Exhibit No. 1.

3. On or about October 12, 1999, the Respondent proceeded to a jury trial presided over by the Honorable Senior Judge Barry Feudale.

4. On or about October 20, 1999, a jury found the Respondent guilty of Count 9 of the criminal information, Obstructing Administration of Law or Other Governmental Function, 18 Pa. Cons.Stat. Ann. § 5101, a misdemeanor of the second degree, such count reading from the criminal information as follows:

**Count 9: Obstructing Administration of Law or Other Governmental Function, 18 Pa.C.S.A. § 5101—M2.**

The defendant intentionally obstructed, impaired or perverted the administration of law or other governmental function by breaching his official duties and/or engaging in other unlawful acts, to wit: during the time period of February, 1996, through September, 1997, defendant engaged in a course of conduct designed to affirmatively interfere with a Grand Jury criminal investigation, which conduct included: engaging in conduct which constituted the commission of the crimes of Unsworn Falsification to Authorities and False Reports to Law Enforcement Authorities, as more specifically described in Counts 1 and 2 of this Information; knowingly making false statements and failing to provide pertinent information to Special Agents of the Federal Bureau of Investigation during an interview on or about April 2, 1996 inside defendant's office; giving instructions and making statements to co-conspirator Philip Bosha, in telephone conversations on or about February 6, 1996, and during April and May, 1996, and in a personal encounter inside the Linden News Store sometime during the Fall of 1996, which commanded and/or encouraged Bosha not to provide information to, and/or cooperate with investi-

gators, which included an instruction to Bosha to keep his mouth shut, and a suggestion that Bosha commit suicide; and, on numerous and various occasions, between February, 1996, and September 1997, at various locations within the Lackawanna County Courthouse, and in Nay Aug Park, soliciting the disclosure of confidential Grand Jury information, transcripts and documents from, and/or attempting to influence decisions of, prosecutors Michael Barrasse, Andrew Jarbola, Kathleen Granahan, Michael Brier, and Robert O'Hara, all of which conduct was a breach of defendant's official duties, and violative of the Code of Judicial Conduct, the Constitution of the Commonwealth of Pennsylvania, the Pennsylvania Rules of Criminal Procedure, the Crimes Code of Pennsylvania, and the Investigating Grand Jury Act. A true and correct certified copy of the jury verdict slip finding the Respondent guilty of Count 9 charging Obstructing Administration of Law or Other Governmental Function, is attached to the stipulations as Board's Exhibit No. 2.

5. On or about December 13, 1999, Senior Judge Feudale sentenced the Respondent to two (2) years unsupervised probation and imposed a fine of $5,000.00. A true and correct certified copy of the sentencing order and the sentencing hearing transcript are attached to the stipulations as Board's Exhibit No. 3A and 3B respectively.

6. On or about March 27, 2000, the Respondent filed a timely Notice of Appeal to the Superior Court of Pennsylvania at docket 753 MDA 2000.

7. On or about November 30, 2000, the Superior Court of Pennsylvania, by Memorandum Opinion, affirmed the Judgment of Sentence for Obstructing Administration of Law or Other Governmental Function. A true and correct certified copy of the

Memorandum Opinion of the Superior Court of Pennsylvania is attached to the stipulations as Board's Exhibit No. 4.

8. On or about December 29, 2002, the Respondent timely filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania at docket 1930 MAL 2000.

9. On or about June 26, 2001, the Supreme Court of Pennsylvania issued a *per curiam* order denying the Petition for Allowance of Appeal. A true and correct certified copy of the Supreme Court of Pennsylvania's *per curiam* order is attached to the stipulations as Board's Exhibit No. 5.

## II. DISCUSSION

As noted, the Board has included seven counts in its Complaint, averring that the conduct of Respondent which constituted the crime of which he was convicted was a violation of seven separate constitutional and canonical precepts, each of which furnishes the basis for the imposition of discipline by this Court. While the Board may have felt it necessary and appropriate to characterize the same conduct of Respondent seven different ways so as to charge him with all potential ethical violations, we consider it unnecessary for this Court to address all seven counts included in the Complaint. This is particularly true since the violation charged in Count 7 is plain on its face. Unlike a criminal case in which the range of penalties is determined by the number of charges and the statutory sentence mandated for each offense upon which there is a finding of guilt, the scope of sanctions available to this Court is not so circumscribed. Any finding by this Court that a judicial officer has violated the Constitution of Pennsylvania or the Code of Judicial Conduct subjects that judge to the full range of appropriate discipline. Further-

more, in exercising our discretion in imposing disciplinary sanction, we·are guided not by the number of ways the Respondent's conduct has offended the Constitution or Code, but by the nature of the conduct itself and any mitigating or aggravating circumstances. Accordingly, since it is beyond reasonable dispute that the Board has proven Count 7 by clear and convincing evidence, we decline to address the remaining charges which, if proven, would be merely cumulative.

In Count 7 the Board charges the Respondent as follows:

> *COUNT 7.* The Respondent has violated Article V, § 17(b) of the Pennsylvania Constitution ... by violating § 5101 of the Criminal Code of Pennsylvania (18 Pa.C.S.A. § 5101).[1]

As recited in the Findings of Fact, Respondent has been convicted of a crime [2] as defined in 18 Pa.C.S.A. § 5101 and described in Count 9 of the criminal information and Finding of Fact No. 5 above. Article V, § 18(d)(1) of the Pennsylvania Constitution provides:

> A justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for ... violation of section 17 of this article ....

Section 17 of Article V provides in pertinent part:

(b) Justices and judges shall not engage in any activity prohibited by law ....

The activity which Respondent has been found to have engaged in—and has been convicted therefor—is prohibited by law, is thus a violation of Section 17 of Article V of the Constitution and a basis for discipline under Section 18(d)(1) of Article V.

We, therefore, find that the charge set out in Count 7 of the Board's Complaint that Respondent has violated Article V, § 17(b) of the Pennsylvania Constitution by violating § 5101 of the Criminal Code of Pennsylvania (18 Pa.C.S.A. § 5101) has been established by clear and convincing evidence.

## IV. CONCLUSIONS OF LAW

■ 1. The Board is empowered by Article V, § 18 of the Constitution of the Commonwealth of Pennsylvania to file formal charges alleging misconduct on the part of justices, judges, or justices of the peace, and to present the case in support of the formal charges before the Pennsylvania Court of Judicial Discipline.

2. The Respondent has violated Article V, § 17(b) of the Pennsylvania Constitution by violating § 5101 of the Criminal Code of Pennsylvania (18 Pa.C.S.A. § 5101).

---

1. The Board also charges in Count 7 that Respondent's violation of Canon 2 of the Code of Judicial Conduct, charged in Count 4 of the Complaint, constitutes a violation of Article 17(b) of the Constitution ("Justices and judges shall not ... violate any canon of ... judicial ethics ...."). Since Respondent's criminal conviction is a violation of Article 17(b), it is unnecessary to address the question of whether the conduct was also a violation of Canon 2.

2. Unlike other cases decided by this Court, see, *In re Sullivan,* 805 A.2d 71 (Pa.Ct.Jud.

Disc.2002), *In re Melograne,* 759 A.2d 475 (Pa.Ct.Jud.Disc.2000), *In re Larsen,* 746 A.2d 108 (Pa.Ct.Jud.Disc.1999), the crime in this case is a misdemeanor—not a felony as in those cases. Under the constitutional amendments of 1993 establishing this Court it is provided that conviction of a felony—by itself—provides grounds for discipline: "A justice, judge, or justice of the peace may be suspended, removed from office or otherwise disciplined for conviction of a felony ...." Pa. Const., Art. V, § 18(d)(1).

3. Respondent is subject to discipline under Article V, § 18(d) of the Pennsylvania Constitution.

## ORDER

PER CURIAM.

AND NOW, this 19th day of December, 2002, based upon the Conclusions of Law, it is hereby ORDERED:

That, pursuant to C.J.D.R.P. No. 503, the attached Opinion with Findings of Fact and Conclusions of Law be and it is hereby filed, and shall be served on the Judicial Conduct Board and upon the Respondent,

That, either party may file written objections to the Court's Conclusions of Law within ten (10) days of this Order. Said objections shall include the basis therefor and shall be served on the opposing party,

That, in the event that such objections are filed, the Court shall determine whether to entertain oral argument upon the objections, and issue an Order setting a date for such oral argument, and

That, in the event objections are not filed, the Findings of Fact and Conclusions of Law shall become final, and this Court will issue an Order setting a date, pursuant to C.J.D.R.P. No. 504, for a hearing on the issue of sanctions.

## ORDER

AND NOW, this 24th day of January, 2003, the Findings of Fact and Conclusions of Law set forth in this Court's Opinion dated December 19, 2002 having become final pursuant to C.J.D.R.P. No. 503, and after the hearing held by the full Court on January 23, 2003 on the issue of sanctions, IT IS HEREBY ORDERED that Respondent, Francis P. Eagen, is removed from office and shall be ineligible to hold judicial office in the future.

COGNETTI and BEASLEY, JJ., did not participate in the consideration or disposition of this case.