**In re Mark Peter PAZUHANICH Judge of the Court of Common Pleas Forty–Third Judicial District Monroe County.**

**No. 3 JD 04.**

Court of Judicial Discipline of Pennsylvania.

Sept. 9, 2004.

---

Before: DEBBIE O'DELL SENECA, P.J., JAMES E. BEASLEY, JOSEPH A. HALESEY, ROBERT L. CAPOFERRI, PAUL P. PANEPINTO, and LAWRENCE J. O'TOOLE.

BEASLEY, Judge.

## I. INTRODUCTION

The Judicial Conduct Board ("Board") filed a Complaint with this Court on February 25, 2004 against Judge Mark Peter Pazuhanich ("Respondent"). The Complaint contains two Counts which charge Respondent with a violation of Article V, § 17(b) of the Pennsylvania Constitution (Count 1) and with a violation of Canon 2(A) of the Code of Judicial Conduct (Count 2). In its Complaint, the Board asserts that the aforesaid violations sub-

ject Respondent to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.

The Board and the Respondent have submitted stipulations of fact in lieu of trial pursuant to C.J.D.R.P. No. 502(D)(1) and a waiver of right to trial. The Court hereby accepts those stipulations of fact in pertinent part, recited below, as the facts necessary for the disposition of this case.

## II. FINDINGS OF FACT

1. The Board is empowered by Article V, § 18 of the Constitution of the Commonwealth of Pennsylvania to file formal charges alleging misconduct on the part of justices, judges or justices of the peace, and to present the case in support of the formal charges before the Pennsylvania Court of Judicial Discipline.

2. The Respondent commenced his service as Judge of the Court of Common Pleas, Forty-third Judicial District, Monroe County, on or about January 1, 2004. The Respondent was granted administrative leave, with pay, on or about February 11, 2004.

3. On or about February 20, 2004, an Information in the case of *Commonwealth v. Mark Peter Pazuhanich*, issued by the Commonwealth of Pennsylvania, was filed to Luzerne County Criminal Docket No. 215 of 2004.

4. The Information charged the Respondent with:

4.1 The summary offense of Public Drunkenness and similar misconduct in violation of 18 Pa.C.S.A. § 5505;

4.2 Two (2) counts of Indecent Assault, in violation of 18 Pa.C.S.A. § 3126(a)(1) and (a)(7); Endangering

the Welfare of Children, in violation of 18 Pa.C.S.A. § 4304; and Corrupting the Morals of a Minor, in violation of 18 Pa.C.S.A. § 6301, as those terms are defined in the aforementioned sections of the Crimes Code of Pennsylvania; each graded as misdemeanors of the first degree punishable by a maximum of five (5) years imprisonment.

A certified copy of the Information is attached as Exhibit 1 to the Stipulations of Fact.

5. By Order dated May 6, 2004, the Court of Judicial Discipline stayed the proceedings in this case until the conclusion of the trial in *Commonwealth of Pennsylvania v. Pazuhanich* in Luzerne County. A certified copy of the Order is attached as Exhibit 2 to the Stipulations of Fact.

6. On or about July 12, 2004, the Respondent pled *nolo contendere* to the charges.

7. On or about July 12, 2004, the Honorable Joseph Augello of the Court of Common Pleas of Luzerne County sentenced the Respondent to five (5) years probation each on the charges of Endangering the Welfare of a Child and Corruption of a Minor, to run consecutively; and two (2) years probation each for two (2) counts of Indecent Assault, to run concurrently, costs of prosecution, a fine of $300, registration as a sex offender and undergo drug and alcohol evaluation. A certified copy of the Sentencing Order is attached as Exhibit 3 to the Stipulations of Fact.

■ 8. By letter to Honorable Edward G. Rendell, Honorable Ralph J. Cappy and Zygmont Pines, dated July 16, 2004, the Respondent resigned his judicial office.[1]

---

1. Although the point has not been raised by this Respondent, we note that Respondent's resignation does not impair this Court's authority to impose discipline if warranted. *See, In re Melograne*, 571 Pa. 490, 812 A.2d 1164 (2002) where the Respondent's resigna-

A certified copy of the letter is attached as Exhibit 4 to the Stipulations of Fact.

## III. DISCUSSION

Respondent, charged with a summary offense and four misdemeanors, entered pleas of *nolo contendere* to the charges. "*Nolo contendere*" translated from Latin means "I do not wish to contend." Convictions and sentencing followed.

█ The Board now charges that that conduct subjects Respondent to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution because that conduct constitutes a violation of Article V, § 17(b) of the Pennsylvania Constitution (Count 1).

Section 17(b) of Article V of the Pennsylvania Constitution provides in pertinent part:

(b) Justices and judges shall not engage in any activity prohibited by law . . . .

The conduct recited in Finding of Fact No. 4—for which Respondent has been convicted—is prohibited by law and thus is a violation of Section 17(b) of the Constitution.

We, therefore, find that the charge set out in Count 1 of the Board's Complaint that Respondent has violated Article V, § 17(b) of the Pennsylvania Constitution by violating the criminal statutes specified in Finding of Fact No. 4 has been established by clear and convincing evidence.

Inasmuch as Article V, § 18(d)(1) of the Pennsylvania Constitution provides:

A justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for . . . violation of section 17 of this article . . . .

it follows that the Board has provided this Court with ample basis for imposition of discipline in this case.

█ Although the Board has charged that the same conduct of Respondent also constitutes a violation of one of the Canons of the Code of Judicial Conduct, we consider that it would be superfluous for this Court to undertake a review of other ethical provisions when the violation of Section 17(b) of the Constitution is so clear and so easily established. *See, In re Berkhimer*, 828 A.2d 19 (Pa.Ct.Jud.Disc.2003); *In re Eagen*, 814 A.2d 304 (Pa.Ct.Jud.Disc.2002); *In re Sullivan*, 805 A.2d 71 (Pa.Ct.Jud. Disc.2002). In *Eagen*, we said:

Unlike a criminal case in which the range of penalties is determined by the number of charges and the statutory sentence mandated for each offense upon which there is a finding of guilt, the scope of sanctions available to this

tion was accomplished even before the disciplinary proceedings were commenced and the point was raised. In dealing with this issue, our Supreme Court said:

The Court of Judicial Discipline exists to police the conduct of the judiciary and assure the public of the integrity of this branch of government. Were we to adopt Appellant's view of that court's power, the Court of Judicial Discipline would not be able to hear a complaint brought against a judicial officer who left office due to voluntary retirement, superannuation, or even impeachment; such an overly restrictive definition of the court's authority would be in opposition to, rather than consistent with, the Court of Judicial Discipline's role.

Thus, we would reject Appellant's argument and hold that the Court of Judicial Discipline has the power to sanction misbehaving judicial officers, regardless of whether they are in office during the pendency of disciplinary proceedings.
*Id.* at 496 n. 2, 812 A.2d at 1167 n. 2. *See, also, Matter of Glancey*, 518 Pa. 276, 542 A.2d 1350 (1988); *Judicial Inquiry and Review Board v. Snyder*, 514 Pa. 142, 523 A.2d 294 (1987); *In re Sullivan*, 805 A.2d 71 (Pa.Ct. Jud.Disc.2002); *In re Larsen*, 717 A.2d 39, 43 (Pa.Ct.Jud.Disc.1998); *In re Cicchetti*, 697 A.2d 297, 301, n. 1 (Pa.Ct.Jud.Disc.1997) and *In re Chesna*, 659 A.2d 1091 (Pa.Ct.Jud.Disc. 1995).

Court is not so circumscribed. A finding by this Court that a judicial officer has violated the Constitution of Pennsylvania or the Code of Judicial Conduct subjects that judge to the full range of appropriate discipline. Furthermore, in exercising our discretion in imposing disciplinary sanction, we are guided not by the number of ways the Respondent's conduct has offended the Constitution or Code, but by the nature of the conduct itself and any mitigating or aggravating circumstances.

*In re Eagen,* 814 A.2d at 306–07.

Accordingly, since it is beyond reasonable dispute that the Board has proven Count 1 by clear and convincing evidence, no purpose would be served by our considering whether the same conduct also violates other constitutional or canonical precepts.

■ There is another issue here, which though not raised, should not be overlooked or ignored; for, if not treated here, might have the consequence of leaving the extent of the jurisdictional reach of this Court in question. The issue arises because, at the time the conduct for which Respondent was convicted took place, he was not a judge. The criminal conduct took place on November 29, 2003 (see Finding of Fact No. 4, Exhibit 1) and he did not take his judicial office until January 1, 2004 (see Finding of Fact No. 2).[2]

An identical temporal sequence was presented to our Supreme Court in *In re Greenberg,* 442 Pa. 411, 280 A.2d 370 (1971). In that case, five years after he became a judge, Judge Greenberg was convicted of criminal conduct which had taken place while he was practicing law over a period of four years before he as-

sumed his judicial office. The Supreme Court, recognizing that its function in the case was "to maintain the integrity of the office of judge to the end that that office, and through it the administration of justice, will deserve and receive the support not only of litigants and lawyers but of the public as well." *Id.* at 418, 280 A.2d at 373, rejected the contention that it could not act because the conduct occurred before Judge Greenberg became a judge. It is obvious that if the Supreme Court—and now this Court since the constitutional amendments of 1993—is to effectually perform its function noted above, it cannot be deflected by the fact that a judge's conduct took place before he took the bench. In this regard, the Supreme Court commented:

> It may be granted that the problem would be *aggravated* had the crime been committed while Judge Greenberg was holding judicial office, but that does not alter the facts before us .... (emphasis added.)

*Id.*

In *Greenberg,* the Supreme Court adopted the conclusion of the Judicial Inquiry and Review Board that Judge Greenberg's conduct was such that "prejudices the administration of justice and brings the judicial office into disrepute," *Id.* at 371; but the conclusion at the center of its rationale for exercising jurisdiction was stated to be:

> [I]t is contrary to the intent and purpose of Article V, Sec. 18 of the Constitution of Pennsylvania that a judge of the court of common pleas "hold judicial office, administer the judicial power of the Commonwealth, exercise judicial functions and perform judicial acts while he

**2.** We take judicial notice that Respondent was elected to his judicial office on November 4, 2003.

himself stands convicted of unlawful and felonious acts."

*Id.* at 371–72.

The reference, of course, is to acts occurring before that Respondent became a judge. Certainly the same rationale applies here.

A case probably more authoritative because of its even closer factual resemblance to this case is *Matter of Cunningham,* 517 Pa. 417, 538 A.2d 473 (1988). In that case the Supreme Court pointed out that "the conduct in question occurred while respondent was a judge-elect." *Id.* at 446, 538 A.2d at 488. The Court then noted that Judge Cunningham asserted that Article V, Section 17(b) did not apply to judges-elect.[3] The Supreme Court held that "This contention is erroneous." *Id.* n. 26. Citing *Greenberg,* the Court held:

> Thus there is no room to argue that Judge Cunningham should be accorded disparate treatment by this Court on the theory that she had not yet taken her oath of office when the transgression took place. The Board's finding that deleterious consequences to the judiciary will result on account of respondent's conduct is correct regardless of the actual date on which the conduct occurred, and therefore, discipline is properly imposed against respondent by this Court.

Thus, there is no room to argue here that the jurisdiction of this Court does not extend to this Respondent in this case.

## IV. CONCLUSIONS OF LAW

1. The conduct of Respondent set forth in Finding of Fact No. 4 constituted violations of 18 Pa.C.S.A. § 5505, 18 Pa.C.S.A. § 3126(a)(1) and (a)(7), 18 Pa.C.S.A. § 4304 and 18 Pa.C.S.A. § 6301.

2. The conduct of Respondent constituted activity prohibited by law and is, therefore, a violation of Article V, § 17(b) of the Pennsylvania Constitution.

3. The Respondent is subject to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.

## ORDER

PER CURIAM.

■ AND NOW, this 9th day of September, 2004, based upon the Conclusions of Law, it is hereby ORDERED:

That, pursuant to C.J.D.R.P. No. 503, the attached Opinion with Findings of Fact and Conclusions of Law be and it is hereby filed, and shall be served on the Judicial Conduct Board and upon the Respondent,

That, either party may file written objections to the Court's Conclusions of Law within ten (10) days of this Order. Said objections shall include the basis therefor and shall be served on the opposing party,

That, in the event that such objections are filed, the Court shall determine whether to entertain oral argument upon the objections, and issue an Order setting a date for such oral argument,

That, in the event objections are not filed, within the time set forth above, the Findings of Fact and Conclusions of Law shall become final, and this Court will conduct a hearing on the issue of sanctions on October 1, 2004 at 9:30 a.m. in the Supreme Court Courtroom, 4th Floor, Main Capitol Building, Harrisburg, Pennsylvania, and

---

**3.** Which is exactly what Judge Pazuhanich was at the time of the criminal activity here involved.

That, the Judicial Conduct Board and the Respondent shall each file on or before September 28, 2004 a list of such witnesses as either party may intend to present for testimony at that hearing, and shall serve a copy of said list upon the other party.

SPRAGUE, J., did not participate in the consideration or disposition of this case.

PER CURIAM.

AND NOW, this 1st day of October, 2004, after the hearing held by the full Court today on the issue of sanctions, IT IS HEREBY ORDERED that Respondent, Mark Peter Pazuhanich, is removed from office and shall be ineligible to hold judicial office in the future.

HALESEY, J., did not participate in the consideration or entry of this Order.

SPRAGUE, J., did not participate in the consideration or disposition of this case.