OPINION BY PRESIDENT JUDGE BARTON
This case considers charges that a Magisterial District Judge forced several constables who served arrest warrants and civil process from his judicial office to contribute a percentage of their remuneration to his reelection fund.
I. INTRODUCTION
On November 14, 2014, the Judicial Conduct Board (Board) filed a Complaint against Magisterial District Judge Robert Jennings, III, alleging that then-Judge Jennings violated various provisions of the Rules Governing Standards of Conduct of Magisterial District Judges and the Pennsylvania Constitution. These allegations included that Judge Jennings demanded constables receiving work from his judicial office contribute ten percent of their earnings to Judge Jennings's reelection campaign fund. Contemporaneously, the Board filed a Petition to Suspend With or Without Pay, and this Court suspended Jennings with pay on November 17, 2014.
On September 18, 2015, the Office of Attorney General filed criminal charges against Jennings stemming from substantially the same conduct as was alleged in the disciplinary case.[2] After the filing of the criminal case the Board filed a Petition asking the Court to change the suspension to one without pay. Through counsel Jennings filed a response, and the Court suspended Jennings without pay on July 29, 2015. Soon thereafter Jennings resigned his commission as a magisterial district judge in Dauphin County. The litigation of this case was stayed while the criminal case was prosecuted.[3]
On September 11, 2017, Jennings entered a plea of nolo contendere[4] to charges of 18 Pa. C.S.A. § 2906(a)(4) Criminal Coercion[5] (M2), and *375 18 Pa. C.S.A. § 7322 Demanding Property to Secure Employment[6] (M3). Jennings was then sentenced to consecutive terms of one year of probation on each conviction and to pay applicable restitution.
The Board filed a Motion to Amend Complaint on October 13, 2017, alleging five violations as follows:[7]
1. Violation of Old Rule 2, Impropriety and Appearance of Impropriety to be Avoided:
A. Magisterial district judges shall respect and comply with the law and shall conduct themselves at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary[.]
2. Violation of Old Rule 12, Incompatible practices:
Magisterial district judges and all employees assigned to or appointed by magisterial district judges shall not engage, directly or indirectly, in any activity or act incompatible with the expeditious, proper and impartial discharge of their duties, including, but not limited to: (1) in any activity prohibited by law[.]
3. Violation of Article V, § 18(d)(l) of the Pennsylvania Constitution ("[magisterial district judge] may be suspended, removed from office or otherwise disciplined for ... conduct which prejudices the proper administration of justice ....")
4. Violation of Article V, § 18(d)(l) of the Pennsylvania Constitution ("a [magisterial district judge] may be suspended, removed from office or otherwise disciplined for ... conduct ... which brings the judicial office into disrepute, whether or not the conduct occurred while acting in a judicial capacity ....") and
5. Violation of Article V, § 17(b) of the Pennsylvania Constitution ("[magisterial district judges] shall be governed by rules or canons which shall be prescribed by the Supreme Court.")
The parties filed Joint Stipulations of Fact in Lieu of Trial pursuant to C.J.D.R.P. No. 502(D) on May 21, 2018.[8] The Joint Stipulations, which are accepted by this Court as the facts necessary to determine the issues in the case, consist of 15 paragraphs largely establishing the jurisdiction of this Court, the authority of the Board, the dates that Jennings served as a magisterial district judge, and the facts surrounding the criminal prosecution culminating in the nolo contendere pleas *376 discussed herein. The stipulations pertinent to the charges include:
12. On September 11, 2017, former Judge Jennings pleaded nolo contendere to one count each of criminal coercion, in violation of 18 Pa. C.S.A. § 2906(a)(4), a misdemeanor of the second degree, and demanding property to secure employment, in violation of 18 Pa. C.S.A. § 7322, a misdemeanor of the third degree. A copy of former Judge Jennings written nolo contendere plea colloquy is attached hereto, made a part hereof, and incorporated by reference, and marked as Exhibit 2; a copy of former Judge Jennings nolo contendere plea colloquy and sentencing transcript is attached hereto, incorporated by reference, and marked as Board's Exhibit 3.
13. As a result of former Judge Jennings nolo contendere plea, Senior Judge Harold F. Woelfel sentenced former Judge Jennings to one year of probation on each count, to be served consecutively, and required him to pay applicable restitution. A copy of the sentencing order entered by Senior Judge Woelfel on September 11, 2017, is attached hereto, made a part hereof, and incorporated by reference, and marked as Board's Exhibit 4; a copy of the docket of Commonwealth v. Robert Jennings, III, CP-2 2-CR-5229-2015, reflecting his nolo contendere plea and sentence, is attached hereto, incorporated by reference, and marked as Board's Exhibit 5.
14. By virtue of his nolo contendere plea, former Judge Jennings stands convicted of criminal activity related to the exercise of his judicial duties, i.e., his decision to retain the services of certain constables predicted on their accession to his demand that they make monetary contributions to his judicial re-election campaign fund from a portion of the income they received from performing constable services for former Judge Jennings's judicial office.
Jt. Stip. of Facts, at 3-4.
II. DISCUSSION
This is a corruption case. This Court has repeatedly stated that "our judicial system should stand as the symbol of fairness and justice, and of equal protection dispensed to every citizen. We have also said that no type of corruption is tolerable in the Pennsylvania judiciary." In re Roca, 151 A.3d 739, 741 (Pa.Ct.Jud.Disc. 2016) aff'd 172 A.3d 1176 (2017).
This case requires us to evaluate the direct and collateral effects of a plea of nolo contendere in the context of judicial discipline, and in particular whether the submitted stipulations incorporate enough of the underlying facts to permit our full evaluation of the conduct leading to the disciplinary charges.
Under our Rule 502, when the parties have submitted stipulations of fact, we must determine whether the stipulations are "as to all facts necessary to a decision of the issues in the case." C.J.D.R.P. No. 502 (D)(1). If we conclude that the stipulations do not fairly reach the conduct involved, or if there are other issues that must be resolved, we are free to reject the stipulations and schedule a conference, or schedule a trial on any remaining issues. C.J.D.R.P. No. 502 (D)(3). A status conference was held on June 13, 2018, for the purpose of determining whether the stipulations included enough of the facts upon which the criminal prosecution was premised in order to permit the court to fairly *377 consider the connection between any criminal conduct and Jennings's judicial office. As stated above, we have accepted the stipulations.
"The effect of a nolo contendere plea in Pennsylvania ... when accepted ... is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act." Eisenberg v. Commonwealth, Department of Public Welfare, 512 Pa. 181, 516 A.2d 333, 335 (1986) citing Commonwealth v. Ferguson , 44 Pa. Superior Ct. 626 (1910) (internal quotation marks omitted).
A plea of nolo contendere has the same effect as a guilty plea for purposes of sentencing and is considered a conviction, although it is not an admission of guilt. "Rather, ... the plea admits that the allegations, if proven, meet the elements of the offense or offenses charged .... The difference between a plea of nolo contendere and a plea of guilty is that, while the latter is a confession binding the defendant in other proceedings, the former has no effect beyond the particular case." Commonwealth v. Moser , 999 A.2d 602, 606-607 (Pa. Super. 2010) quoting Com. ex rel. Monaghan v. Burke, 74 A.2d 802, 804 (Pa. Super. 1950) (internal quotation marks omitted).
In Eisenberg, a dentist entered a nolo contendere plea to federal charges of mail fraud relating to his participation in Pennsylvania's Medicaid program. He later sought to contest his suspension by the state Department of Public Welfare from the Medicaid Program by arguing that his nolo contendere plea was not an admission of the fraud.
The Pennsylvania Supreme Court held that the Department of Public Welfare's suspension could properly be predicated upon the criminal conviction of mail fraud without relying upon the facts of the underlying criminal case. "[H]ere, [the Department] does not attempt to use the plea as a judicial admission of the fraud. Rather, the conviction entered upon the plea itself is the operative fact which authorizes the suspension." Eisenberg at 336. See also Meth v. State Real Estate Commission, 14 Pa.Cmwlth. 203, 321 A.2d 221 (1974) (affirming revocation of broker's license where elements of federal conviction arising from nolo plea were sufficient to violate state licensure statute).
Here, the Board suggests that the Court has three bases upon which it can evaluate the underlying facts. First, the Board maintains that the colloquy between the criminal judge and Jennings included a recitation of the facts to which Respondent then entered his nolo plea. Second, the Board maintains this case has similarity to the recent case of In re Joy.
The case of In re Joy , Docket No. 12 JD 2015, involved a plea of nolo contendere to two counts of Official Oppression, 18 Pa. C.S. § 5301(1), both misdemeanors of the second degree. Sentence was imposed and then-Judge Joy stood convicted of two misdemeanors of the second degree. This Court considered stipulations filed by the parties that included the recitation of facts made during the proceeding where Judge Joy pleaded nolo contendere. Joy was found in violation and the sanction of removal was imposed.
Lastly, the Board maintains that Stipulation No. 14, by itself, is a stipulation that includes reference to the conduct that gave rise to the criminal prosecution.
Here, without the need to evaluate whether we should consider the factual recitation at the plea colloquy we can nevertheless conclude that Jennings's criminal conviction was connected to his judicial duties. This is because one of the statutes *378 to which Respondent pleaded nolo contendere , Criminal Coercion, defines the crime as "[a] person is guilty of criminal coercion, if, with the intent unlawfully to restrict freedom of action of another to the detriment of the other, he threatens to: ... (4) take or withhold action as an official, or cause an official to take or withhold an action." 18 Pa. C.S. § 2709. Because official action can only arise from Respondent's duties as a judge, it is evident that Respondent's criminal activity was linked to his judicial duties. In addition, Stipulation No. 14 provides additional facts that establish the nature of the conduct in which Jennings engaged.
We now turn to whether these two misdemeanor convictions, including one that necessarily involves the taking or withholding of judicial discretion for criminal purposes, establish the five violations alleged by the Board.[9] Count I alleges that these convictions constitute of violation of Old Rule 2, that judges "shall respect and comply with the law and shall conduct themselves at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."
Count II alleges Jennings's convictions constitute a violation of Old Rule 12, which provides "judges ... shall not engage ... in any activity ... incompatible with the expeditious, proper and impartial discharge of their duties, including, but not limited to: (1) in any activity prohibited by law." Count III alleges a violation of the Constitutional provision that provides that a judge may be disciplined for "conduct which prejudices the proper administration of justice."
It is easy to conclude that Jennings's criminal conviction is a violation of Old Rule 2 and Old Rule 12. By definition, the taking or withholding of any official act sufficient to constitute a violation of 18 Pa. C.S. § 2709(a)(4) is not complying with the law, is incompatible with the expeditious, proper and impartial discharge of judicial duties, and prejudices the administration of justice. Criminal activity is necessarily a departure from the standard of conduct expected of our judges. The citizens of Pennsylvania rightfully expect our judges to comply with the law. Such criminal acts also disrupt the systematic and lawful operation of our judicial system. Any act which corrupts the judicial process, even if the final result is the same as might have attained absent the corrupt purposes, prejudices the administration of justice. See In re Segal, 151 A.3d 734, 736 (Pa.Ct.Jud.Disc. 2016)aff'd 173 A.3d 603 (Pa. 2017) (rejecting argument that the same result would have been reached without the ex parte communication). Therefore, Jennings has also violated Article V, Section 18(d)(1) of the Pennsylvania Constitution by engaging in conduct that prejudiced the administration of justice.
Count IV alleges that Jennings engaged in conduct which brings the office into disrepute. Our Court has repeatedly said that not all conduct that violates the applicable judicial conduct rules can be said to bring the judicial office, rather than the offending jurist him or herself, into disrepute. "It cannot be presumed that a violation of any other provision, constitutional, canonical or criminal automatically lowers public acceptance of the authority of the judicial office."
*379 In re Carney, 28 A.3d 253, 266-67 (Pa.Ct.Jud.Disc. 2011) (quoting In re Smith, 687 A.2d 1229 (Pa.Ct.Jud.Disc. 1996) (italics in original; internal quotation marks omitted).
In order to bring disrepute upon the judiciary as a whole, rather than just upon the offending judge, the judicial officer "must have engaged in conduct which is so extreme that it brings the judicial office into disrepute." Id. at 267 (italics in original; internal quotation marks omitted). This inquiry is very fact specific.
State constables are considered independent subcontractors who perform work for our judicial system. In re Act 147 of 1990, 528 Pa. 460, 598 A.2d 985 (1991), and are considered "related staff" under the Judicial Code. Rosenwald v. Barbieri, 501 Pa. 563, 462 A.2d 644 (1983). They are vital to the functioning of our judicial system, and serve much of the same purpose as does the Sheriff in the courts of common pleas, as the "arm of the court." They are compensated through receiving case-specific assignments to serve arrest warrants, bench warrants, and other civil process at rates specified by law. See 44 Pa. C.S. § 7161. Magisterial district judges are vested with discretion in choosing the constables to whom they assign warrants and civil process.
Jennings's criminal conviction for conditioning the taking or withholding of an official act upon an ulterior purpose is a criminal conviction premised upon an act of corruption. Such an act causes serious damage not only on the offending judge and his or her judicial office itself, but also upon the entire judiciary. Our citizens expect that our judicial system will operate fairly and that judges will uphold the law. Jennings, however, used his judicial position for personal gain by pressuring others over whom he had discretion to give or withhold compensated work for the judicial system to contribute money in an attempt to secure his continued election to judicial office. His act of what amounts to extortion over state constables fits squarely with the other severe and corrupt acts that this Court has evaluated, and where we have consistently found disrepute. Accordingly, we find that Jennings has violated Article V, § 18(d)(1) by engaging in conduct that brings the judicial office into disrepute.
Count V alleges a violation of Article V, § 17(b) that provides that our judges must comply with the rules or canons prescribed by the Supreme Court. Each of our findings above constitutes an automatic, derivative, violation of Section 17(b) of our Constitution.
II. CONCLUSIONS OF LAW
1. Former Judge Jennings violated Rule 2(A) of the Old Rules Governing Standards of Conduct of Magisterial District Judges.
2. Former Judge Jennings violated Rule 13 of the Old Rules Governing Standards of Conduct of Magisterial District Judges.
3. Former Judge Jennings violated Article V, § 18(d)(1) of the Pennsylvania Constitution (Prejudicing the administration of justice.)
4. Former Judge Jennings violated Article V, § 18(d)(l) of the Pennsylvania Constitution in that he brought the judiciary into disrepute.
5. Former Judge Jennings violated Article V, § 17(b) of the Pennsylvania Constitution in that his previously described violations constitute violations of this subsection.
Either party may file objections within ten days. In the event no objections are *380 filed the Court will schedule a sanction hearing by further order.

See Commonwealth v. Robert M. Jennings, III, Docket No. CP-22-CR-0005229-2015.

See C.J.D.R.P. No. 422 Deferral of Disposition (balancing need for prompt disposition of judicial discipline cases with Constitutional rights of accused judges). The criminal case took much longer than usual to proceed because Respondent Jennings's attorney died during the case. Additionally, an out-of-county judge was specially assigned to preside.

"Nolo Contendere" is a Latin phrase meaning "I will not contest it." Black's Law Dictionary 1198 (4th Rev. Ed. 1968).

§ 2906. Criminal coercion
(a) Offense defined. A person is guilty of criminal coercion, if, with the intent unlawfully to restrict freedom of action of another to the detriment of the other, he threatens to:
* * *
(4) take or withhold action as an official, or cause an official to take or withhold an action ....

§ 7322. Demanding property to secure employment
A person is guilty of a misdemeanor of the third degree if he, being an officer or employee of any employer of labor, solicits, demands or receives, directly or indirectly, from any person any money or other valuable thing, for the purpose, actual or alleged, of either obtaining for such person employment in the service of the employer or of continuing of such person in such employment.

A significant amendment and restatement of the Rules Governing Standards of Conduct of Magisterial District Judges took effect December 1, 2014. Because the relevant conduct occurred before this amendment, the prior Rules apply and are referred to as "Old Rules." All of the Old Rules have their provisions restated in the current Rules.

The complete Joint Stipulations of Fact In Lieu of Trial, Trial Exhibit List, and Waiver of Trial Pursuant to Court of Judicial Discipline Rule of Procedure 502 are filed of record and available on the Court's website.

Prior cases which have considered misdemeanor convictions include: In re Berry, 979 A.2d 991 (Pa.Ct.Jud.Disc. 2009) ; In re Pazuhanich, 858 A.2d 231 (Pa.Ct.Jud.Disc. 2004) ; In re Eagen, 814 A.2d 304 (Pa.Ct.Jud.Disc. 2002) ; In re Chesna, 659 A.2d 1091 (Pa.Ct.Jud.Disc. 1995). In all the above listed cases the offending jurist was found to have caused disrepute to the judiciary.