**IN RE: Mark A. CIAVARELLA Former Judge Court of Common Pleas Luzerne County**

**No. 7 JD 11**

Court of Judicial Discipline of Pennsylvania.

FILED: October 7, 2014

BEFORE: HONORABLE JOHN R. CELLUCCI, P.J., HONORABLE TIMOTHY F. McCUNE, HONORABLE ROBERT J. COLVILLE, HONORABLE CANNELLA MULLEN, HONORABLE JACK A. PANELLA, HONORABLE CHARLES A. CLEMENT, JR., JJ.

OPINION BY JUDGE PANELLA

### I. INTRODUCTION

The Judicial Conduct Board ("Board") filed a Complaint with this Court on December 21, 2011, against Former Judge Mark A. Ciavarella ("Respondent"). The Complaint is based on Respondent's conduct and felony convictions for participating in a criminal conspiracy with Former Judge. Michael Conahan while the two served as judges of the Luzerne County Court of Common Pleas. Among other

criminal acts, they profited by taking bribes, kickbacks, extortionate payments, and other types of payoffs, and then attempted, by way of a number of schemes, to hide their illegal activities. The Board has charged that Respondent's conduct and multiple felony convictions subject him to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution. This conduct and the convictions occasioned by it constitute:

1.  convictions of felonies, a violation of Article V, § 18(d)(1)[1] of the Pennsylvania Constitution;

2.  convictions of infamous crimes, a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution;

3.  conduct which brings the judicial office into disrepute, a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution;

4.  conduct prejudicial to the administration of justice, a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution; and

5.  violations of Article V, § 17(b)[2] of the Pennsylvania Constitution by

virtue of his convictions of federal criminal statutes including, but not limited to, 18 U.S.C. §§ 19621 (Racketeering), 1962(d) (Racketeering Conspiracy), 1956(h) and (Money Laundering Conspiracy).

## II. FINDINGS OF FACT

1.  The Judicial Conduct Board is empowered by Article V, § 18 of the Constitution of the Commonwealth of Pennsylvania to file formal charges alleging ethical misconduct on the part of judges, justices or magisterial district judges and to present the case in support of the formal charges before the Court of Judicial Discipline.

2.  Respondent, a former trial judge, commenced service on January 1, 1996. Respondent was elected as President Judge and assumed the duties of President Judge in January 2006. He resigned from judicial service on March 16, 2009, while the federal criminal case was pending against him at *U.S. v. Conahan*, et al., 3:09–CR–00272–EMK–2.[3]

---

1.  Article V, § 18(d)(1) of the Pennsylvania Constitution provides:

    (d)  A justice, judge or justice of the peace shall be subject to disciplinary action pursuant to this section as follows:

    (1)  A justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for conviction of a felony; violation of section 17 of this article; misconduct in office; neglect or failure to perform the duties of office or conduct which prejudices the proper administration of justice or brings the judicial office into disrepute, whether or not the conduct occurred while acting in a judicial capacity or is prohibited by law; or conduct in violation of a canon or rule prescribed by the Supreme Court. In the case of a mentally or physically disabled justice, judge or justice of the peace, the court may enter an order of removal from office, retirement, suspension or other limitations on the activities

of the justice, judge or justice of the peace as warranted by the record. Upon a final order of the court for suspension without pay or removal, prior to any appeal, the justice, judge or justice of the peace shall be suspended or removed from office; and the salary of the justice, judge or justice of the peace shall cease from the date of the order.

2.  Article V, § 17(b) of the Pennsylvania Constitution states:

    (b)  Justices and judges shall not engage in any activity prohibited by law and shall not violate any canon of legal or judicial ethics prescribed by the Supreme Court. Justices of the peace shall be governed by rules or canons which shall be prescribed by the Supreme Court.

3.  The findings contained in this section were agreed to by the Judicial Conduct Board and Respondent, Mark Ciavarella, through his counsel on July 15, 2014.

3. On September 9, 2009, Respondent was indicted by a federal grand jury in the case of *U.S. v. Conahan,* et al, 3:09–CR–00272–EMK–2, in the United States District Court for the Middle District of Pennsylvania. On September 29, 2010, a superseding Indictment was returned against the Respondent, which charged Respondent with 39 offenses.[4]

4. On February 18, 2011, at the conclusion of the jury trial which had commenced on February 7, 2011, the jury returned a verdict of guilty against the Respondent for the following offenses:[5]

Count 1s: Racketeering, in violation of Title 18 United States Code (U.S.C.) § 1962I. By conviction on this Count, the Jury found that Mr. Ciavarella and his criminal confederates abused their positions within the Court of Common Pleas of Luzerne County to enrich themselves by specific acts of taking bribes, kickbacks, extortionate payments and other things of value from individuals and organizations doing business with the Court of Common Pleas and that they engaged in a number of schemes to hide their illegal activities.

Count 2s: Racketeering Conspiracy, in violation of Title 18 U.S.C. § 1962(d). By conviction on this Count, the jury found that Mr. Ciavarella and his criminal confederates, as persons employed by or associated with the Court of Common Pleas of Luzerne County, conducted and participated in the conduct of the affairs of the Court of Common Pleas through a pattern of racketeering activity by committing the acts specified in Count 1.

Count 7s; Honest Services Mail Fraud, in violation of Title 18 U.S.C. §§ 1341, 1346 and 2. By conviction on this Count, the jury found that Mr. Ciavarella, for the purpose of executing a scheme to defraud the citizens of the Commonwealth and the Judiciary of the Commonwealth, filed a materially false Statement of Financial Interest in or about April 2004, and that he used the mails (U.S. Mail and private carriers) to accomplish this act.

Count 8s: Honest Services Mail Fraud, in violation of Title 18 U.S.C. §§ 1341, 1346 and 2. By conviction on this Count, the jury found that Mr. Ciavarella, for the purpose of executing a scheme to defraud the citizens of the Commonwealth and the Judiciary of the Commonwealth, filed a materially false Statement of Financial Interest in or about March 2005, and that he used the mails (U.S. Mail and private carriers) to accomplish this act.

Count 9s: Honest Services Mail Fraud, in violation of Title 18 U.S.C. §§ 1341, 1346 and 2. By conviction on this Count, the jury found that Mr. Ciavarella, for the purpose of executing a scheme to defraud the citizens of the Commonwealth and the Judiciary of the Commonwealth, filed a materially false Statement of Financial Interest in or about April 2006, and that he used the mails (U.S. Mail and private carriers) to accomplish this act.

Count 10s: Honest Services Mail Fraud, in violation of Title 18 U.S.C. §§ 1341, 1346 and 2. By conviction on this Count, the jury found that Mr. Ciavarella, for the purpose of executing a

---

4. The superseding indictment was made part of the record by stipulation and was marked as Board Exhibit 3.

5. The certified February 18, 2011 Verdict entered against the Respondent, docketed to *U.S. v. Conahan, et al,* 3:09–CR–00272–EMK–2 was made part of the record by stipulation and was marked as Board Exhibit 4.

scheme to defraud the citizens of the Commonwealth and the Judiciary of the Commonwealth, filed a materially false Statement of Financial Interest in or about March 2007, and that he used the mails (U.S. Mails and private carriers) to accomplish this act.

Count 21s: Money Laundering Conspiracy, in violation of Title 18, U.S.C. § 1956(h). By conviction on this Count, the jury found that Mr. Ciavarella, from January 1, 2001 until September 29, 2010, knowingly, intentionally, and willfully conspired to conduct financial transactions to conceal and disguise the financial gains he received from his unlawful activity; and that he engaged in financial transactions greater than a value of $10,000 with funds derived from conduct constituting wire fraud and extortion.

Count 35s: Conspiracy to Defraud the United States, in violation of Title 18, U.S.C. § 371. By conviction on this Count, the jury found that, from approximately January 1, 2002, through approximately May 21, 2007, Mr. Ciavarella and his criminal confederates agreed to and engaged in a pattern of financial transactions designed to defraud the United States government from collecting tax revenue from the gains they received through illegal activity.

Count 36s: Subscribing and filing a Materially False Tax Return, in violation of 26 U.S.C. § 7206(1). By conviction on this Count, the jury found that Mr. Ciavarella filed a tax return for tax year 2003 that was false as to the amount of his reported income while knowing that his income was higher than what he reported. 5

Count 37s: Subscribing and filing a Materially False Tax Return, in violation of 26 U.S.C. § 7206(1), By conviction on this Count, the jury found that Mr. Ciavarella filed a tax return for tax year 2004 that was false as to the amount of his reported income while knowing that his income was higher than what he reported.

Count 38s; Subscribing and filing a Materially False Tax Return, in violation of 26 U.S.C. § 7206(1). By conviction on this Count, the jury found that Mr. Ciavarella filed a tax return for tax year 2005 that was false as to the amount of his reported income while knowing that his income was higher than what he reported.

Count 39s: Subscribing and filing a Materially False Tax Return, in violation of 26 U.S.C. § 7206(1). By conviction on this Count, the jury found that Mr. Ciavarella filed a tax return for tax year 2006 that was false as to the amount of his reported income while knowing that his income was higher than what he reported.

5. On August 11, 2011, Judge Edwin Kosik sentenced Respondent to serve a period of incarceration of 240 months on Counts 1s and 2s, Counts 7s through 10s and Count 21s, to run concurrently with each other; a term of 60 months on Count 35s to run consecutively to the already mentioned counts; a term of 36 months on Counts 36s through 39s to run concurrently with each other and consecutively to the already mentioned counts; and to serve a period of three years of supervised release on Counts 1s, 2s, 7s through 10s, 21s and 35s and a term of one year on Counts 36s through 39s, all to ran concurrently. Respondent was also ordered to make restitution in the amount of $1,173,791.94; and to pay a special assessment of $1,200. An Amended Judgment and Sentencing order was filed the next day which required Respondent to forfeit the sum of $997,600,00 resulting from his conviction at Counts 1s,

2s 7s through 10s and 21s, Judge Kosik did not alter any other component of Mr. Ciavarella's sentence.

6. Respondent filed timely appeals to the United States Court of Appeals for the Third Circuit, which eventually affirmed the convictions and sentences but, in a minor issue, remanded for modification of the $1,200.00 special assessment. The Supreme Court of the United States denied Respondent's petition for writ of *certiorari* on March 2, 2014.[6]

## II. DISCUSSION

■ As specified in the Findings of Fact, Respondent has been convicted of numerous felonies by way of his participation in the infamous "kids-for-cash" scheme. His direct appeals are exhausted, therefore, the convictions have achieved the requisite finality to warrant the imposition of discipline by this Court pursuant to Article V, § 18(d)(1) of the Pennsylvania Constitution.

Although Respondent's violations justify discipline on many grounds even his felony convictions taken alone provide grounds for sanctions. The Pennsylvania Constitution provides, in pertinent part:

A justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for *conviction of a felony* . . . .

Pa. Const. Art. V, § 18(d)(1) (emphasis added).

Lastly, we recognize that Respondent does not currently hold judicial office, and will be incarcerated for a substantial period of time. He was initially suspended by

the Supreme Court of Pennsylvania on January 28, 2009, and, as aforesaid, he resigned from judicial office on March 16, 2009.

■ Although a judicial officer may no longer hold office, it is the stated policy in Pennsylvania that once judicial disciplinary action has been instituted, authority over disciplinary proceedings does not terminate until a final order and decision is rendered. This policy, as explained by the Pennsylvania Supreme Court in *Matter of Glancey*, 518 Pa. 276, 542 A.2d 1350 (1988), and *Judicial Inquiry and Review Board v. Snyder*, 514 Pa. 142, 523 A.2d 294 (1987), *cert. denied*, 484 U.S. 829, 108 S.Ct. 100, 98 L.Ed.2d 61 (1987), has been followed in a number of judicial discipline cases since its adoption, including *In re Singletary*, 61 A.3d 402 (Pa.Ct.Jud.Disc.2012), *In re Sullivan*, 805 A.2d 71 (Pa.Ct.Jud.Disc.2002), and *In re Cicchetti*, 697 A.2d 297 (Pa.Ct. Jud.Disc.1997).

In its holding in *Snyder*, Chief Justice Nix, writing for a majority of the Supreme Court, explained the importance of judicial disciplinary proceedings:

[T]he people have entrusted to this Court the task of finally determining whether a judge should be disciplined, and, if so, the extent of that discipline and its consequences. Those consequences are not necessarily restricted to the term for which the judge has been elected or retained when he engages in improprieties which require discipline.

514 Pa. at 152, 523 A.2d at 299. The Supreme Court again described our au-

---

**6.** A true and correct copy of the certified order and opinion entered on May 24, 2013, by the Third Circuit Court of Appeals, entered against Respondent in *U.S. v. Ciavarella*, 716 F.3d 705 (3rd Cir.2013), was made part of the record by stipulation and marked Board Exhibit 7. A true and correct copy of the Order

entered on March 3, 2014, by the Supreme Court of the United States denying the petition for writ of *certiorari* filed by Respondent, was made part of the record by stipulation and marked Board Exhibit 8. *See, Ciavarella v. U.S.*, — U.S. ——, 134 S.Ct. 1491, 188 L.Ed.2d 378 (2014).

thority to proceed with a judicial disciplinary matter, even after the judicial officer leaves office, whether voluntary or not: The Court of Judicial Discipline exists to police the conduct of the judiciary and assure the public of the integrity of this branch of government. Were we to adopt Appellant's view of that court's power, the Court of Judicial Discipline would not be able to hear a complaint brought against a judicial officer who left office due to voluntary retirement, superannuation, or even impeachment; such an overly restrictive definition of that court's authority would be in opposition to, rather than consistent with, the Court of Judicial Discipline's role. Thus, we would reject Appellant's argument and hold that the Court of Judicial Discipline has the power to sanction misbehaving judicial officers, regardless of whether they are in office during the pendency of disciplinary proceedings.

*In re Melograne,* 571 Pa. 490, 496 n. 2, 812 A.2d 1164, 1167 n. 2 (2002). In light of our adjudicative authority, we must proceed with a disciplinary judgment and sanction.

## III.  CONCLUSIONS OF LAW

1.  Respondent has been convicted, and all direct appeals have been exhausted, of numerous federal felony offenses.

2.  The criminal convictions, as specified above, subject Respondent to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.

## ORDER OF COURT

PER CURIAM

AND NOW, this 7th day of October, 2014, based upon the foregoing, it is HEREBY ORDERED that Respondent, Mark A. Ciavarella is removed from office and shall be ineligible to hold judicial office in the future.